**Hewett M. REEVES, Plaintiff-Appellant,**

v.

**INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION, Defendant-Appellee.**

No. 82–3506.

United States Court of Appeals, Fifth Circuit.

May 23, 1983.

---

Leroy H. Scott, Jr., Shreveport, La., for plaintiff-appellant.

Cook, Clark, Egan, Yancey & King, F. Drake Lee, Jr., Shreveport, La., for defendant-appellee.

Before RUBIN and TATE, Circuit Judges, and W. EUGENE DAVIS*, District Judge.

PER CURIAM:

In our earlier opinion in this case, we increased the amount of the district court award but did not mention interest.[1] Reeves then sought interest in the district court, which, properly following our mandate, denied relief. Now Reeves once again appeals. The district court decision is correct, and it is affirmed.

Reeves may, however, seek a change in the mandate. We treat his appeal as a tardy, but not unforgiveably belated, request for the proper relief. We have previously so treated pleadings improperly denominated appeals,[2] for we retain jurisdiction over our mandates to prevent injustice.[3]

Accordingly, we consider the substantive question: whether post-judgment interest is due on an award of wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (1976). Pre-judgment interest does not accrue, for the liquidated damages allowed by the statute cover all damages, including interest.[4] However, once the to-

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. *Reeves v. Int'l Tel. & Tel.,* 616 F.2d 1342 (5th Cir.1980).

2. *National Surety v. Charles Carter & Co.,* 621 F.2d 739, 741 (5th Cir.1980) (per curiam); *Dickerson v. Continental Oil,* 476 F.2d 635, 636 (5th Cir.1973) (per curiam).

3. 5th Cir.R. 17; *National Surety,* 621 F.2d at 741.

4. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 715–16, 65 S.Ct. 895, 906, 89 L.Ed. 1296 (1945) (in wage and hour suit brought pursuant to 29 U.S.C. § 216(b), interest is not recoverable as part of judgment because liquidated damages compensate for delay in payment of sums due); *Barcellona v. Tiffany English Pub Inc.,* 597 F.2d 464, 469 (5th Cir.1979) (in suit for back wages and liquidated damages brought pursuant to 29 U.S.C. § 216(b), award of pre-judgment interest and denial of liquidated damages reversed); *Foremost Dairies, Inc. v. Ivey,* 204 F.2d 186 (5th Cir.1953) (although liquidated damages not awarded, pre-judgment interest not recoverable in suit brought pursuant to 29 U.S.C. § 216(b)). *But cf. McClanahan v. Mathews,* 440 F.2d 320, 326 (6th Cir.1971) (because

tal liability, including damages, is fixed by judgment, there is no reason to distinguish FLSA judgments from other claims. "Interest shall be allowed on any money judgment in a civil case recovered in a district court," commands 28 U.S.C. § 1961.

■ The failure of the district court to allow post-judgment interest on its original judgment, entered on November 15, 1977, was patently an oversight, for interest was allowable of right, not as a matter of discretion.[5] Therefore, the few courts in which the question has been raised have allowed post-judgment interest on such awards.[6]

If, on appeal, a judgment is affirmed, interest is payable on the judgment from the date it was entered in the district court unless "otherwise provided by law." Fed.R. App.P. 37. If, however, the judgment is modified or reversed with a direction that a judgment for money be entered in the district court, "the mandate *shall* contain instructions with respect to the allowance of interest." *Id.* (Emphasis added.) Our mandate was simply deficient in this respect.[7] There is no reason why the successful plaintiff should be denied interest on the amounts due him after these were decreed payable by judgment. If we now merely affirmed the action of the district court and enforced our mandate as originally written, we would commit the injustice of denying interest when interest is due.

International Telephone urges that Reeves "declined" to raise the interest issue on the first appeal. Reeves did fail to brief the issue, just as the district court's judgment failed to cover it. As to Reeves, this was oversight, not waiver. As to the district court, it was apparently inadvertent, not deliberate. The district court's judgment in favor of Reeves was entered in November 1977. Our judgment increasing Reeves's award was filed in May 1980 and became the mandate of this court in July 1980. That same month International Telephone filed a motion in the district court to require the clerk of court to accept a certain sum, without interest, in satisfaction of the mandate. Reeves's reply to this motion, also filed that month, claimed that he was entitled to interest on his award from the date of the original district court judgment until paid. Nearly a year later, in June 1981, Reeves moved for summary judgment on his interest claim. That five and a half years have now elapsed since the pre-appeal judgment was entered is a factor to be considered in deciding whether to grant reform of our mandate, but the date from which interest accrued became an issue only when we increased Reeves's award on appeal. Thereafter, it became an immediate subject of controversy in the district court. Although Reeves incorrectly pursued his claim in the district court, rather than seeking relaxation of our mandate, he did

Supreme Court has not decided whether pre-judgment interest is to be awarded when no liquidated damages are awarded, held that, if district court denies liquidated damages in suit brought pursuant to 29 U.S.C. § 216(b), it must award interest on back pay from date claims accrued, and if district court allows liquidated damages, award must at least equal amount of interest that would have been due).

5. *Gele v. Wilson,* 616 F.2d 146, 148 (5th Cir. 1980) ("Pursuant to 28 U.S.C. § 1961, all money judgments recovered in civil cases in federal district courts automatically bear interest from the date of entry."); *United States v. Michael Schiavone & Sons, Inc.,* 450 F.2d 875, 876 (1st Cir.1971) ("Regardless of whether the judgment itself contains a specific award of interest, once final judgment has been entered in a civil suit in a federal court the prevailing party becomes a judgment creditor and is entitled to post-judgment interest under the mandatory terms of 28 U.S.C. § 1961." (citation omit-

ted)); *United States v. West Texas Cottonoil Co.,* 155 F.2d 463, 467 (5th Cir.1946) ("interest runs on all federal court judgments unless the judgment is one which by federal law does not bear interest . . . .").

6. *Clougherty v. James Vernor Co.,* 187 F.2d 288, 293–94 (6th Cir.), *cert. denied,* 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616 (1951); *Keen v. Mid Continent Petroleum Corp.,* 63 F.Supp. 120 (D.C.Iowa 1945). *Compare Copper Liquor, Inc. v. Coors,* 701 F.2d 542 (5th Cir.1983) (en banc) (post-judgment interest allowed on attorneys' fees and costs recovered under 15 U.S.C. § 15).

7. *Compare Gele v. Wilson,* 616 F.2d at 149 (although mandate did not expressly direct entry of money judgment on remand, because it was effectively prescribed, mandate should have contained instructions regarding when interest should attach).

promptly seek· a judicial determination of the interest question. We see no reason to penalize him for his procedural mistake.[8] Therefore, we modify our original mandate to allow interest on the full award from the date of the original district court judgment.[9]

On July 16, 1980, International Telephone paid $141,411.81 on Reeves's judgment, deducting from the $155,405.58 we awarded $1,587.67 for FICA withholdings, $11,540.56 for federal income tax withholdings, and $865.54 for Louisiana income tax withholdings. As part of a later settlement with Reeves, International Telephone received a release of all claims against it on this judgment except for "interest on the judgment entered in this proceeding November 15, 1977; and ... attorney's fees, if any, which may be awarded in connection with prosecution of the claim for interest." This case having now been pending since 1967, and litigation having exacted a prodigious cost from all parties, we avoid the necessity of further proceedings on remand by fixing the interest due in accordance with the alternative calculation in Reeves's brief, which is not challenged by International Telephone. The amount of interest due is, accordingly, fixed at $29,045.30.

Finally, Reeves seeks attorneys' fees for the prosecution of the interest claim. The claim could have speedily been presented and disposed· of had Reeves's counsel followed the correct course by petitioning for correction of our mandate. Because we affirm the judgment below, we allow no fees for counsel's efforts in the district court or on appeal.

AFFIRMED, but prior mandate MODIFIED to provide for the entry of judgment in favor of appellant in the amount of $29,045.30 as interest due.

---

**8.** *Cf. National Surety,* 621 F.2d at 741–42 (reform of mandate refused when party delayed over three years in seeking relief).

**9.** Fed.R.App.P. 37 advisory committee note; 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure: Jurisdiction ¶ 3983 (1977).