Michael R. REAVES,
Plaintiff-Appellant,
Cross-Appellee,

v.

OLE MAN RIVER TOWING, INC.,
Defendant-Appellee,
Cross-Appellant.

No. 84–4534
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 3, 1985.

Neblett, Beard & Arsenault, Richard W. Beard, Alexandria, La., for plaintiff-appellant, cross-appellee.

Ernest Lane, III, Greenville, Miss., for defendant-appellee, cross-appellant.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In separate decisions, one before and the other after an appeal to and remand from this Court, the district court ordered appellee Ole Man River Towing, Inc., to pay post-judgment interest from the "date of judgment" to appellant Michael R. Reaves

with respect to his Jones Act and general maritime claims for future loss of wages. Our intervening decision, which upheld the finding of liability but remanded for recalculation of one element of Reaves's damages, did not mention interest. Reaves now contends that the district court's second judgment should have awarded him interest running from the date of the initial judgment rather than running only from the period after the post-remand decision. Ole Man River counters that Fed.R.App.P. 37, which requires courts of appeals to provide instructions in their mandates "with respect to the allowance of interest," bars the recovery that Reaves seeks. We hold that the district court acted properly but amend our mandate to allow interest from the date of the district court's first decision and remand for computation of the amount.

Two issues require our attention before we reach the merits of Reaves's post-judgment interest claim. The first concerns the propriety of the district court's refusal to antedate its award to the date of its original decision. We find nothing wrong in the court's action. Long-standing precedent establishes that a district court possesses no authority upon remand to calculate post-judgment interest from a date before its post-remand decision unless the mandate of the court of appeals directs otherwise. *E.g., Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); *Reeves v. International Telephone & Telegraph*, 705 F.2d 750, 751 (5th Cir.1983) (per curiam); *Gele v. Wilson*, 616 F.2d 146, 149 (5th Cir.1980); *cf.* Fed.R.App.P. 37 advisory committee note (explaining second sentence of rule as "a reminder" of the *Briggs* decision). Since our mandate said nothing about interest, the district court acted properly.

The second question we must resolve preliminarily touches upon *our* power to address the merits of Reaves's claim. Ole Man River argues that *Briggs*, *Gele*, and Fed.R.App.P. 37, require a party such as Reaves to petition this Court for a re-

hearing to seek reformation of its mandate before he may assert that the district court should have computed interest from a date earlier than the post-remand judgment. Although Ole Man River thus invokes the proper practice under Fed.R.App.P. 40(a), the rule must give way if necessary to avoid an unjust result. *See* 5th Cir.R. 41.2 (permitting recall of mandate "to prevent injustice"). As we indicated in *Reeves*, the matter does not involve a question of power but of whether the circumstances warrant deviation from the rehearing procedure where this court's mandate failed to specify what post-judgment interest to allow:

> Our mandate was deficient in this respect. There is no reason why the successful plaintiff should be denied interest on the amounts due him after these were decreed payable by the judgment. If we now merely affirmed the action of the district court and enforced our mandate as originally written, we would commit the injustice of denying interest when interest is due.

*Reeves*, 705 F.2d at 752; *accord City of Detroit v. Grinnell Corp.*, 575 F.2d 1009, 1010 (2d Cir.1978) (granting motion to reform mandate to allow post-judgment interest seven months after issuance); *cf. National Surety v. Charles Carter & Co.*, 621 F.2d 739, 741–42 (5th Cir.1980) (per curiam) (refusing to alter mandate where party sought relief following more than three years of delay); Fed.R.App.P. 37 advisory committee note (citing procedure for recalling mandate as remedy for omission regarding interest).

We believe this case presents a situation that justifies our intervention. As we determine below, 28 U.S.C. § 1961 (1982) entitles Reaves to recover post-judgment interest from the date of the district court's first judgment. Almost four years have passed since that decision, and some $50,000 in interest has accumulated in the interim. *See Reeves*, 705 F.2d at 752 (holding that five and a half year delay since initial judgment "is a factor to be considered in deciding whether to ... reform ... our

mandate"). Moreover, Reaves has diligently sought correction of the oversight, promptly (although mistakenly) requesting the district court to amend its post-remand judgment to allow additional interest. We modify our mandate, therefore, to permit interest on the full award from the date of the original district court judgment.

We may now briefly dispose of the merits. Under 28 U.S.C. § 1961 (1982), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court ... [and] shall be calculated from the date of the entry of the judgment." Section 1961 applies to judgments in admiralty. *E.g.*, *Gele*, 616 F.2d at 148. Further, unless the mandate of the appellate court alters the original judgment in more than relatively minor respects, interest should attach from the date of the pre-appeal judgment. *Compare Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 545 (5th Cir.1983) (en banc) (per curiam) (applying section 1961); *with Ashland Oil, Inc. v. Phillips Petroleum Co.*, 607 F.2d 335, 336 (10th Cir.1979) ("[W]e must hold under 28 U.S.C. § 1961, in view of the extent to which the case was reversed, 'the judgment' for the purpose of interest was that entered by the trial court on remand.") (per curiam), *cert. denied*, 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980). Our previous decision in this case affirmed the original judgment in most respects and remanded the case merely for recomputation of an element of Reaves's damages in light of *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir.1983) (en banc), *cert. denied*, — U.S. —, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984). Upon remand, the district court found that *Culver* did not require a change in the judgment, and it accordingly entered judgment in the same amount it had awarded in the first instance. Reaves thus may recover post-judgment interest from the date of the district court's original judgment, February 26, 1981.

Congress recently altered the mode of computing interest, substituting a federal for a state standard. *See* Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, § 302(a), (b), 96 Stat. 25, 55-56 (1982) (codified as amended at 28 U.S.C. § 1961(a), (b) (1982)). This Court has held in *Brooks v. United States*, 757 F.2d 734, 741 (5th Cir.1985) that the federal interest rate mandated in the 1982 act is not to be applied retroactively. It follows that the state rate of interest shall be applied from the date of the original judgment, February 26, 1981 until the date of the judgment on remand, July 17, 1984. Affirmed. It is ORDERED that the judgment be amended to include interest at the state rate from February 26, 1981 to July 17, 1984.

AFFIRMED AND REMANDED FOR CALCULATION OF INTEREST.