**ROBOSERVE, INC., Plaintiff,**

v.

**KATO KAGAKU CO., LTD., Defendant.**

No. 92 C 5248.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 18, 1996.

Robert B. Breisblatt, Eric Charles Cohen, Avrum Sidney Katz, Jerold B. Schnayer, Suzanne Hines, Welsh & Katz, Ltd., Chicago, IL, for Roboserve, Inc.

Jerome H. Torshen, Abigail K. Spreyer, Torshen, Spreyer & Garmisa, Ltd., Chicago, IL, Michael P. Connelly, Kathleen Anne Bridgman, Eugene Stuart Kraus, Charles Patrick Piacentini, Jr., Connelly & Schroeder, Chicago, IL, for Kato Kagaku Co., Ltd.

Jerome H. Torshen, Torshen, Spreyer & Garmisa, Ltd., Michael P. Connelly, Kathleen Anne Bridgman, Eugene Stuart Kraus, Connelly & Shroeder, Chicago, IL, for Kato Real Estate Corp.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiff Roboserve, Inc.'s ("Roboserve"), request that defendant Kato Kagaku Co., Ltd. ("Kato"), be ordered to pay the amount due on Count I of Roboserve's complaint, plus post-judgment interest and costs. Kato has objected to Robo-

serve's request with respect to interest and costs. For the reasons that follow, the court grants in part and denies in part Roboserve's request.

## I. BACKGROUND

Rather than opting for a new trial on Count I, for breach of contract, Roboserve has accepted remittitur to $1,053,784 in compensatory damages, as suggested by the Seventh Circuit. *See Roboserve, Inc. v. Kato Kagaku Co., Ltd.,* 78 F.3d 266, 280 (7th Cir. 1996). Having accepted remittitur, Roboserve now asks the court to order Kato to pay the $1,053,784. Kato apparently does not object to this request. However, Roboserve also asks the court to order Kato to pay Roboserve $25,000 in costs, and post-judgment interest on costs and damages from December 21, 1993, until the present. Kato strongly objects to the latter request.

## II. DISCUSSION

Roboserve contends that because judgment was entered on Count I on December 9, 1993, it is due interest on the judgment from December 21, 1993, to the present at a rate of 3.61 percent pursuant to 28 U.S.C. § 1961. Roboserve also contends that after judgment was entered, the court taxed $25,000 in costs against Kato, and provided that the costs be paid with interest from December 21, 1993, if the judgment was affirmed on appeal. Roboserve believes that the court of appeals affirmed the trial court's judgment, and therefore that Roboserve is entitled to interest on the costs.

Kato, on the other hand, argues that under Federal Rule of Appellate Procedure 37, Roboserve is not entitled to interest from December 21, 1993, because the court of appeals did not include an instruction with respect to interest in its mandate. Kato also contends that the trial court taxed costs of $25,000 against Kato only if the trial court's judgment was affirmed on appeal. Since the entire judgment was not affirmed on appeal, in Kato's eyes, Roboserve is not entitled to costs.

### A. Interest

 Rule 37 of the Federal Rules of Appellate Procedure provides:

Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

FED.R.APP.P. 37.

Roboserve contends that because the Seventh Circuit affirmed the trial court's judgment on liability and effectively affirmed the damages if Roboserve would accept a remittitur, Roboserve is entitled to interest on its damages awards from the time of the original judgment in December 1993. Kato contends that because the Seventh Circuit vacated the damages awards and remanded the case, and did not include an instruction regarding interest in its mandate, Roboserve is not entitled to interest from the time of the original judgment.

The seminal case about what a district court is to do when the court of appeals does not give interest instructions in its mandate is *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). In *Briggs,* the jury returned a verdict and awarded damages to plaintiff, but the district court then dismissed the complaint for lack of jurisdiction. The court of appeals reversed and directed the district court to enter judgment on the verdict for plaintiff. The district court did, and also added to the verdict interest from the date of the verdict to the date of judgment, even though the court of appeals said nothing in its mandate about interest. The court of appeals modified the judgment to exclude the interest. *Briggs,* 334 U.S. at 305, 68 S.Ct. at 1039–40.

The Supreme Court found that the district court's award of interest was wrong. It stated:

It is clear that the interest was in excess of the terms of the mandate and hence was wrongly included in the District Court's judgment and rightly stricken out by the Circuit Court of Appeals. The latter court's mandate made no provision for

such interest and the trial court had no power to enter judgment for an amount different than directed. If any enlargement of that amount were possible, it could be done only by amendment of the mandate.

*Briggs,* 334 U.S. at 306, 68 S.Ct. at 1040.

The Seventh Circuit has held that *Briggs* means that " 'any provision for interest on a judgment cannot be made by a district court when the terms of the mandate of the Court of Appeals did not provide for interest.' " *Lee v. Terminal Transport Co.,* 301 F.2d 234, 235–36 (7th Cir.1962) (citing opinion of court below). Thus, under *Briggs* and *Lee,* this court cannot award the interest Roboserve seeks in the absence of a Seventh Circuit instruction to award such interest.

However, Roboserve argues that *Briggs* is inapposite to Roboserve's case; in *Briggs,* the court of appeals reversed the district court's judgment of dismissal, but in Roboserve's case, the Seventh Circuit affirmed the jury's finding of liability and gave Roboserve the choice of remittitur or a new trial on damages.

The court fails to see a real distinction between *Briggs* and Roboserve's case. In Roboserve's case, the Seventh Circuit vacated the trial court's judgment with respect to damages. While not an outright reversal as in *Briggs,* the Seventh Circuit's decision substantially modified the trial court's judgment, rather than affirmed it.

Moreover, in a case factually analogous to Roboserve's, the Fifth Circuit applied *Briggs* to uphold the lower court's refusal to award interest from the date of its original judgment. In *Reaves v. Ole Man River Towing, Inc.,* 761 F.2d 1111 (5th Cir.1985), the district court entered judgment and awarded damages for plaintiff. The court of appeals upheld the finding of liability but remanded for recalculation of one element of plaintiff's damages, and did not mention interest in its mandate. On remand, the district court awarded plaintiff post-judgment interest, but only from the date of the post-remand judgment. Plaintiff appealed. *Reaves,* 761 F.2d at 1111–12.

The court of appeals affirmed the district court's decision. It stated that "[l]ong-standing precedent establishes that a district court possesses no authority upon remand to calculate post-judgment interest from a date before its post-remand decision unless the mandate of the court of appeals directs otherwise." *Id.* at 1112 (citing *Briggs,* 334 U.S. at 306, 68 S.Ct. at 1040; other citations omitted). Since its mandate said nothing about interest, the court of appeals held that the district court acted properly.

However, the court of appeals also held that its mandate was deficient. It stated that plaintiff was entitled to interest from the date of the district court's first judgment under 28 U.S.C. § 1961, and modified its mandate to permit plaintiff to recover this interest. *Reaves,* 761 F.2d at 1112–13.

Rule 37 codifies *Briggs.* *See* FED.R.APP.P. 37 Advisory Committee Notes (noting that the second sentence of Rule 37 is a reminder of the *Briggs* rule). The Advisory Committee Notes to Rule 37 advise:

> Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question.

*Id.*

While Roboserve may be entitled to interest under 28 U.S.C. § 1961 from December 21, 1993, to the present, and while the Seventh Circuit may find as much and modify its mandate to award such interest, this court cannot do what is solely within the authority of the Seventh Circuit to do. Thus, if Roboserve wants post-judgment interest from December 21, 1993, to the present on its damages and costs, it must seek to have the mandate recalled and reformed to provide for interest. This court has no power to enter a judgment different from that allowed in the mandate. *See Briggs,* 334 U.S. at 306, 68 S.Ct. at 1040.

Accordingly, Roboserve is not entitled to interest under 28 U.S.C. § 1961 from December 21, 1993, to the present.

### B. *Costs*

Upon Roboserve's filing of a bill of costs, the trial court entered an agreed order on March 24, 1995, that stated as follows:

IT IS HEREBY ORDERED:

1. The sum of $25,000.00 shall be taxed as costs herein.

2. Such costs shall be payable with interest from December 21, 1993, in the event that the judgment herein is affirmed on appeal.

(Def.'s Reply in Support of Objections to Roboserve's Request that Def. be Ordered to Pay Amount Due with Interest and Costs Ex. 1.)

The text of the order makes clear that the parties agreed to two things. First, Kato agreed to pay costs of $25,000 to Roboserve, regardless of the outcome of the appeal. Consequently, since Kato agreed to pay $25,000 in costs to Roboserve, it owes Roboserve that amount.

■ Second, if the judgment in favor of Roboserve was affirmed, Kato agreed to pay interest on the $25,000 from December 21, 1993. The above ruling with respect to interest applies equally to Roboserve's request for interest on the $25,000 in costs. The March 24, 1995, agreed order simply reflects the first sentence of Rule 37, providing that if a money judgment is affirmed, interest is payable from the date the judgment was entered in the district court. Since the court finds that the Seventh Circuit did not affirm the trial court's judgment but vacated it and remanded the case to the district court, the second sentence of Rule 37 controls the interest issue, and Roboserve is not entitled to interest on its award of costs.

### C. *Summary*

The court finds that Kato must pay Roboserve damages of $1,053,784 on Roboserve's breach of contract claim. The court also finds that Kato must pay Roboserve $25,000 in costs pursuant to the March 24, 1995, agreed order. However, the court finds that Roboserve is not entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 from December 21, 1993, to the present, since the court of appeals' mandate did not provide for such interest. This finding does not affect Roboserve's right to post-judgment interest pursuant to 28 U.S.C. § 1961 from the date this court enters final judgment on the claims remaining before the court.

The court notes that Roboserve has not informed the court whether it will accept a remittitur to $37,810 on its fraud claim or opt for a new trial on that claim. While the fraud claim remains pending, the court will not enter final judgment on Roboserve's breach of contract claim. *See* FED.R.CIV.P. 54. Accordingly, although the court finds that Kato eventually must pay damages of $1,053,784 on Roboserve's breach of contract count, the court does not yet enter judgment on that claim.

### III. *CONCLUSION*

For the foregoing reasons, the court grants Roboserve's request to order Kato to pay damages of $1,053,784 on Count I plus costs of $25,000 pursuant to the agreed order of March 24, 1995, to the extent that these amounts will be due Roboserve when the court enters final judgment in this case; but denies Roboserve's request for interest on these amounts pursuant to 28 U.S.C. § 1961 from December 21, 1993, to the present.