United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2006

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals*
*For the Fifth Circuit*

No. 04-50707

B.J. HALL,

Plaintiff - Appellant,

v.

WHITE, GETGEY, MEYER COMPANY, LPA,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and DeMOSS and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

In this diversity suit, we hold that the law of the case doctrine does not preclude us from recalling and modifying this court's mandate issued at the conclusion of a prior appeal, and we recall and reform that mandate to permit the award of pre- and post-judgment interest. We further hold that the 2003 amendments to the Texas Finance Code govern the pre-judgment interest rate and that 28 U.S.C. § 1961(a) governs the post-judgment interest rate. Accordingly, we reverse the district court's judgment in part and remand for further proceedings consistent with this opinion.

# I

This case has a lengthy history, and we recount only the facts necessary to an understanding of the issues presently before us. B. J. Hall sued the law firm of White, Getgey, Meyer & Co., LPA for legal malpractice in a diversity suit governed by Texas law in which a federal magistrate presided. A jury concluded that the law firm was negligent, Hall's damages were $675,000, the law firm was 51% responsible for Hall's injuries, and a settling party was 49% responsible for those injuries. The magistrate allowed a dollar-for-dollar settlement credit of $270,000 against the $675,000 awarded by the jury and entered judgment in Hall's favor against the law firm for $405,000, together with pre-judgment interest at 10% per annum from the date the federal suit was filed, which was February 10, 1997, and post-judgment interest at 10% per annum. That judgment was entered September 21, 2001.

Both parties appealed, and this court held that the settlement credit should have been only $80,000.[1] The body of that opinion stated, "We modify Hall's damages award so that it reflects a reduction by this proper amount."[2] The concluding paragraph of the opinion stated:

> For the foregoing reasons, we affirm the magistrate judge's pretrial ruling on the offset issue, modify the damages award so that it reflects the proper settlement credit of $80,000, and affirm the final judgment as modified. This case is remanded for the entry of an amended judgment in Hall's favor in the amount of $595,000.

[1] *Hall v. White, Getgey, Meyer & Co., LPA*, 347 F.3d 576, 584-85 (5th Cir. 2003).

[2] *Id.* at 585.

AFFIRMED AS MODIFIED; REMANDED WITH INSTRUCTIONS.[3]

This court issued a mandate on October 23, 2003 that provided in pertinent part, "It is ordered and adjudged that the judgment of the District Court is affirmed as modified, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court." Although the award of pre-judgment interest and the date from which it should accrue were at issue in the district court and considered at some length by the magistrate in an order entered at the time of judgment in the district court, no issue regarding interest was raised on appeal. Neither this court's prior opinion nor the mandate explicitly address interest.

On remand, the magistrate initially entered a judgment against the White, Getgey law firm in the amount of $595,000, plus pre-judgment interest at 10% per annum from February 10, 1997 until September 21, 2001, and post-judgment interest from September 21, 2001 at 10% per annum. This judgment was entered October 31, 2003. The White, Getgey firm filed a motion with the district court seeking to alter or amend that judgment, contending that this court's opinion and mandate failed to contain instructions regarding interest, and therefore, the district court lacked authority to award interest, citing Federal Rule of Appellate Procedure 37(b) and decisions of this court.

Rule 37(b) provides: "If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions

---

[3]*Id.* at 587.

about the allowance of interest."[4]  The law firm asserted in the alternative that if interest were to be awarded, the rate of interest should be limited in accordance with amendments to the Texas Finance Code and pursuant to 28 U.S.C. § 1961(a).  Hall countered by filing a motion to enforce the October 31, 2003 judgment and sought discovery in aid of that judgment.  The magistrate took the motion to modify the October 2003 judgment under submission and stayed discovery pending a ruling on the matters before her.

While the motion to alter or amend the judgment was pending in the district court, Hall filed in this court a petition for writ of mandamus seeking to require the district court to lift the stay on post-judgment discovery, a petition for writ of prohibition seeking to prohibit the district court from altering or amending its October 31, 2003 judgment, and a motion to clarify this court's mandate issued in the prior appeal.[5]  Hall contended that this court's judgment and mandate necessarily included pre- and post-judgment interest, but alternatively asked this court to clarify its mandate.  On May 28, 2004, this court denied the petitions for mandamus and prohibition, "without prejudice to Hall's reinstating them if the magistrate judge has not ruled on the Rule 59(e) motion and lifted any stay which may prevent the prompt collection of Hall's judgment within <u>30 days</u> from the date of this order."  This court's order further stated, "Petitioner also seeks clarification of this court's prior mandate.  As that mandate is plainly worded, the request for clarification is DENIED."

Shortly thereafter, in June 2004, the magistrate entered an order in which she

---

[4]FED. R. APP. P. 37(b).

[5]This court's docket number of that proceeding was 04-50481.

4

concluded that she had no authority to award interest because this court had modified the 2001 judgment on appeal without giving any instructions regarding interest.[6] The magistrate's June 2004 order further concluded that "the appropriate procedural vehicle" for Hall to recover an award of interest was "a motion to recall and reform the mandate[,]" presumably meaning this court's mandate.[7] A "Second Amended Judgment" against the White, Getgey law firm awarding Hall $595,000 was entered June 7, 2004. No provision for any interest, pre- or post-judgment, was included.

Hall filed a notice of appeal on July 7, 2004 from the magistrate's June 7, 2004 Second Amended Judgment.[8] It is this July 2004 appeal that is before us today. Additionally, on July 22, 2004, Hall filed a petition for writ of mandamus asking this court to direct the trial court to vacate its June 2004 order amending the judgment and to reinstate its October 31, 2003 judgment that had awarded interest. In the alternative, Hall asked this court to recall and reform its mandate to include pre- and post-judgment interest. This court assigned cause number 04-50711 to that proceeding.

The White, Getgey firm responded to Hall's petition for mandamus and motion to recall the mandate by arguing, among other things, that Hall had an adequate remedy by appealing the June 7, 2004 Second Amended Judgment. The firm then asserted that Hall's

---

[6]*Hall v. White, Getgey & Meyer Co.*, *L.P.A.*, No. SA-97-CA-0320, 2004 WL 1279975, at *3 (W.D. Tex. June 4, 2004).

[7]*Id.*

[8]This court initially dismissed Hall's appeal as untimely, but upon the provision of additional facts, concluded the appeal was timely, and it was reinstated.

5

appeal was untimely and that the litigation was at an end. On September 9, 2004, this court entered an order denying Hall's petition for writ of mandamus in docket number 04-50711. The order also said, "IT IS FURTHER ORDERED that the alternative motion for district court [sic] to recall and reform its mandate to include the pre-judgment and post-judgment interest awards contained in the September 21, 2001, judgment is DENIED." Hall, however, had not asked this court to order the district court to reform its mandate but had instead asked this court to reform its mandate. This court's September 9, 2004 order contained a third provision, which granted "petitioner's motion for leave to file reply to response to petition for writ of mandamus and alternative motion to recall mandate . . . ." This court subsequently determined that Hall's appeal was timely, and that appeal is before us.

Hall contends that this court's October 23, 2003 mandate did not foreclose the district court from awarding pre- and post-judgment interest. In the alternative, Hall asks that we recall and reform that mandate to provide for interest. Finally, Hall contends that the interest rate should be at least 10%, as originally ordered by the magistrate, while the White, Getgey firm contends that if any interest is to be awarded, the floor rate should be only 5%.

## II

The first question we must consider is whether the law of the case doctrine resolves any issue presently before us.[9] The White, Getgey firm contends that this court decided the

---

[9]*See generally N. Miss. Commc'ns, Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992) ("The law of the case doctrine dictates that a prior decision of this court will be followed without re-examination . . . unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work manifest injustice."); *Browning v. Navarro*,

issues presented in Hall's appeal when it denied Hall's July 2004 petition for writ of mandamus and its alternative motion to recall the mandate. We disagree.

First, the July 2004 petition for writ of mandamus and the alternative request that this court recall its mandate were presented in an original proceeding. This court did not necessarily or even presumably rule on the merits of the request to recall this court's mandate.[10] Indeed, the White, Getgey firm urged this court to deny the mandamus petition without reaching the merits, contending Hall had an adequate remedy by appeal. Hall had filed just such an appeal a few weeks prior to the filing of the mandamus proceeding. We are now considering that appeal.

Second, our September 9, 2004 order in the mandamus proceeding did not rule on the motion to recall this court's mandate. Our September 2004 order only declined to order the *district* court to recall and reform its mandate. While it is possible that ruling may have been a typographical error or an oversight, we cannot presume such an error or oversight. More importantly, we cannot say on the record before us that this court considered the merits of the motion to recall the mandate that was appended to the petition for writ of mandamus when the same motion to recall and reform the mandate was included as part of the direct

887 F.2d 553, 556 (5th Cir. 1989) (discussing exceptions to the law of the case doctrine); *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985) (observing that the doctrine "generally precludes reexamination of issues of law or fact decided on appeal" but that "[n]onetheless, it is well established that the doctrine is not an inexorable command but a rule of practice, usually followed but limited in scope").

[10]*See generally In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001) (observing that the "law of the case doctrine applies not only to issues decided explicitly, but also to everything decided 'by necessary implication'" (quoting *Browning*, 887 F.2d at 556)).

appeal and was pending as part of that appeal.[11]

The White, Getgey firm has not argued that this court's prior ruling, in May 2004, that the mandate in the prior appeal is "plainly worded" triggers the law of the case doctrine. There is good reason for foregoing such a contention. Hall did not at that time request a recall and modification of the mandate. He asked only for clarification. At that point in time, the district court had entered a judgment awarding Hall pre- and post-judgment interest. This court denied a writ of mandamus that would have prohibited the magistrate from modifying that judgment, and our order denying relief stated that "[t]he magistrate judge has neither acted nor given any indication that she will act in derogation of this court's mandate . . . ." This court's order went on to state that the motion for clarification of its earlier mandate was denied "[a]s that mandate is plainly worded . . . ." This at least implies that this court had concluded that the magistrate had at that point followed this court's mandate since the only judgment that had been entered on remand awarded interest. But even if this court's mandate clearly meant that no interest was to be awarded, this court had not been presented with any request to alter that mandate or arguments in support of such a request. The law of the case doctrine therefore does not foreclose a motion to recall and amend the mandate as part of this appeal. Accordingly, we turn to the remaining issues presented.

---

[11]*See, e.g.*, *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028 (5th Cir. 1998) (stating that the law of the case doctrine did not prevent the court from considering issues previously raised by appellant in a mandamus petition and observing that the court's "summary denial of [appellant's] petition for a writ of mandamus [could not] be considered an adjudication of these issues on the merits").

8

## III

As we have discussed, this court earlier ruled in a mandamus proceeding in response to a motion to clarify its mandate that the mandate was "plainly worded" and thus declined to clarify it.  The mandate states in its entirety:

> This cause was considered on the record on appeal and was argued by counsel.

> It is ordered and adjudged that the judgment of the District Court is affirmed as modified, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

> IT IS FURTHER ORDERED that each party bear its own costs on appeal.

> ISSUED AS MANDATE:  October 23, 2003.

Notwithstanding this court's statement that our mandate is "plainly worded," we are sympathetic to the difficulties the magistrate judge experienced in determining how the mandate impacted the award of interest.  It is not entirely clear to us whether the mandate plainly permitted interest on remand or plainly proscribed the district court's authority to award interest on remand in light of the mandate itself and the case law in this area.

The Supreme Court held in *Briggs v. Pennsylvania R.R. Co.* that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court."[12]  In *Briggs*, a district court entered a judgment dismissing a case for lack of jurisdiction after a jury trial in which the jury had found damages of $42,500.[13]  The appellate court reversed, directing

---

[12]334 U.S. 304, 306 (1948).

[13]*Id.* at 305.

9

"that judgment be entered on the verdict for plaintiff."[14] On remand, the district court added interest to that amount from the date of verdict until the date of judgment.[15] The Supreme Court held that the district court had no authority to do so since the court of appeals' mandate "had made no provision for interest" and "[n]o motion to recall and amend the mandate had been made . . . ."[16] Subsequently, Rule 37[17] was promulgated as "a reminder to the court, the clerk and counsel"[18] of the ruling in *Briggs*.

In a decision of this court, *Brown & Root, Inc. v. American Home Assurance Co.*, that was issued well after *Briggs* but before Rule 37 was adopted, we held that "it is not necessary for the Circuit Court . . . to have to specifically state that it is allowing interest" when the appellate court uses language such as "'in all other respects the judgment of the

---

[14]*Id.*

[15]*Id.*

[16]*Id.* at 305-07.

[17]The rule provides:

**Rule 37.  Interest on Judgment**
    **(a) When the Court Affirms.**  Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.
    **(b) When the Court Reverses.**  If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

FED. R. APP. P. 37.

[18]*Id.* (Advisory Committee Notes to 1967 Adoption).

District Court will be affirmed[.]'"[19] There is at least a plausible argument that the mandate in the prior appeal in this case affirmed the district court's judgment in all respects except for the reduction in the amount of the settlement credit and thus that the awards of pre- and post-judgment interest were left intact. This court may have meant that the mandate is "plainly worded" in affirming the judgment except as modified. However, other cases from this court arguably lead to the conclusion that modifications like the one made in the prior appeal of this case must expressly mention interest or else no interest may be awarded on remand.[20]

However, we need not decide whether the mandate plainly permitted or plainly foreclosed the award of interest on remand. Hall has filed a motion to recall and modify the mandate, and we grant that motion to put an end to this litigation and because justice so requires. On a number of occasions, this court has recalled and modified its mandates.[21] We see no basis for denying such relief here.

Hall and the White, Getgey firm fully litigated whether Hall was entitled to pre- and post-judgment interest under Texas law, and the magistrate's original September 2001

---

[19]321 F.2d 814, 815 (5th Cir. 1963).

[20]*See, e.g.*, *Martin v. Walk, Haydel & Assoc., Inc.*, 794 F.2d 209, 210-11 (5th Cir. 1986); *Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111, 1112 (5th Cir. 1985).

[21]*See Canal Ins. Co. v. First Gen. Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990); *In re Incident Aboard the D/B Ocean King on August 30, 1980*, 877 F.2d 322, 326-27 (5th Cir. 1989); *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 624 (5th Cir. 1988); *Martin*, 794 F.2d at 210-11; *Reaves*, 761 F.2d at 1112-13; *Reeves v. Int'l Tel. & Telegraph Corp.*, 705 F.2d 750, 751-53 (5th Cir. 1983); *Dickerson v. Cont'l Oil Co.*, 476 F.2d 635, 636 (5th Cir. 1973).

judgment discussed that law at length in awarding interest. The White, Getgey firm did not challenge that determination on appeal. The only challenge to the award of interest came after this court's mandate had issued and after the magistrate had entered a judgment against the White, Getgey firm on remand. Even then, the White, Getgey firm did not contest that under Texas law or federal law or both, Hall was entitled to pre- and post-judgment interest. The firm argued for the first time that since this court's mandate did not mention "interest" expressly, the magistrate was foreclosed from awarding it. Indeed, the White, Getgey firm concedes in its briefing in this court that it "does not challenge the propriety of interest" had the mandate clearly included interest.

None of the factors that have led this court to deny a motion to recall and reform a mandate are present in this case.[22] The fact that Hall pursued his claim for interest in the district court for a time before seeking relief in this court does not constitute waiver or excessive delay.[23] Within months after the White, Getgey firm first raised the issue regarding

---

[22]*See Leroy v. City of Houston*, 906 F.2d 1068, 1074-76 (5th Cir. 1990) (refusing to *sua sponte* treat a request for interest on appeal as a motion to recall and modify an earlier mandate when there was excessive, unexplained delay and lawyers were seeking interest on their own attorneys' fees, not for their client); *Vickers v. Chiles Drilling Co.*, 882 F.2d 158, 159 (5th Cir. 1989) (reversing award of interest when no motion to reform a prior mandate was filed); *Nat'l Surety Corp. v. Charles Carter & Co.*, 621 F.2d 739, 741-42 (5th Cir. 1980) (declining to reform mandate due to excessive delay in seeking relief and no need to reform in order to prevent injustice).

[23]*See Reaves*, 761 F.2d at 1113 ("Moreover, Reaves has diligently sought correction of the oversight, promptly (although mistakenly) requesting the district court to amend its post-remand judgment to allow additional interest."); *cf. Leroy*, 906 F.2d at 1075 ("[T]he plaintiffs, experienced attorneys representing themselves, adamantly refused to file a motion to recall the mandate, as the Notes of the Advisory Committee, to which their attention had been called, clearly suggested that they could do, as did also prior decisions of our Court. They instead insisted that the district court grant them relief, which it had no authority to grant absent our modification of the mandate. No

this court's mandate, which was after the magistrate had entered a judgment on remand awarding interest, Hall sought mandamus relief and alternatively clarification from this court. When that relief was denied, Hall awaited a decision from the magistrate, as instructed by this court, and upon obtaining an adverse ruling, filed an appeal that included a request that we recall and modify the mandate. While that appeal was pending, Hall filed another mandamus proceeding seeking, among other relief, a recall and reformation of the mandate. Hall has diligently pursued his claims for interest. The White, Getgey firm concedes that interest would be owed but for the mandate. The equities do not favor the White, Getgey firm.

## IV

The final question is the rate of pre- and post-judgment interest that should be applied. The magistrate's original, September 2001 judgment applied Texas law to determine the rate of both pre- and post-judgment interest. While the White, Getgey firm had argued to the magistrate that federal law should govern the post-judgment interest rate,[24] White-Getgey did not pursue that contention on appeal and now contends in this court that we should apply Texas law to determine the rates for both pre- and post-judgment interest. Hall acknowledges that federal law should probably have governed the post-judgment interest but argues that White-Getgey cannot raise the matter at this juncture.

---

reason or excuse for this failure has ever been proffered.").

[24]*See* 28 U.S.C. § 1961(a) (setting the post-judgment interest rate for interest "on any money judgment in a civil case recovered in a district court").

The post-judgment interest rate for judgments in federal courts is governed by federal statute, 28 U.S.C. § 1961(a). On remand, that statute should be applied.

Issues regarding pre-judgment interest in a diversity case "are governed by applicable state law."[25] At the time the magistrate entered the September 2001 judgment, the Texas Finance Code provided for a floor of 10% for pre-judgment interest.[26] In 2003, the Texas Legislature amended the Texas Finance Code and the floor is now 5%.[27] These amendments apply to final judgments signed or subject to appeal on or after the effective date of the respective Acts modifying prior law: "The changes in law made by this Act apply in a case in which a final judgment is signed or subject to appeal on or after the effective date of this Act."[28] The effective dates of the Acts governing post-judgment interest were June 20, 2003 and September 1, 2003,[29] and "[t]he prejudgment interest rate is equal to the postjudgment

---

[25]*Canal Ins. Co. v. General Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990).

[26]*See* Act of Apr. 23, 1999, 76th Leg., R.S., ch.62, § 7.18(a), 1999 Tex. Gen. Laws 127, 232 (amended 2003) (amended 2005) (current version at TEX. FIN. CODE § 304.003(c)) (governing post-judgment interest); Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 7.18(a), 1999 Tex. Gen. Laws 127, 232 (codified at TEX. FIN. CODE § 304.103) (governing pre-judgment interest).

[27]*See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 6.01, 2003 Tex. Gen. Laws 847, 862 (effective Sept. 1, 2003) (amended 2005) (current version at TEX. FIN. CODE § 304.003(c)) (governing post-judgment interest); *see also* Act of June 2, 2003, 78th Leg., R.S., ch. 676, § 1, 2003 Tex. Gen. Laws 2096, 2096-97 (effective June 20, 2003) (amended 2005) (current version at TEX. FIN. CODE § 304.003(c)); TEX. FIN. CODE § 304.103 ("The prejudgment interest rate is equal to the postjudgment interest rate applicable at the time of judgment.").

[28]Act of June 2, 2003, 78th Leg., R.S., Ch. 676, § 2(a), 2003 Tex. Gen. Laws 2096, 2097 (effective June 20, 2003); *see also* Act of June 2, 2003, 78th Leg., R.S., Ch. 204, § 6.04, 2003 Tex. Gen. Laws 847, 862 (effective September 1, 2003).

[29]Act of June 2, 2003, 78th Leg., R.S., Ch. 676, 2003 Tex. Gen. Laws 2096, 2097 (effective June 20, 2003); Act of June 2, 2003, 78th Leg., R.S., Ch. 204, 2003 Tex. Gen. Laws 847, 899

interest rate applicable at the time of judgment."[30] The judgment that is presently on appeal before us was entered on June 7, 2004. By the terms of the Acts amending the Texas Finance Code, the judgment before us was not signed or subject to appeal until after June 20 and September 1, 2003. Accordingly, the 2003 amendments govern the rate of pre-judgment interest rather than the law in effect when the original September 21, 2001 judgment was entered in the district court.

The White, Getgey firm does not dispute that pre-judgment interest should accrue from February 10, 1997, as the magistrate's September 2001 judgment concluded. Accordingly, pre-judgment interest is recoverable from February 10, 1997 until entry of judgment following the remand that we order today. Post-judgment interest is recoverable from the date of entry of judgment on remand until paid.

* * * * *

We REVERSE the district court's judgment in part and REMAND this case for calculation and award of pre-judgment interest in accordance with this opinion and for the provision of post-judgment interest.

---

(effective September 1, 2003). The amendments to the post-judgment interest statute were promulgated in two separate bills during the same legislative session, with two different effective dates, but with the same text.

[30]TEX. FIN. CODE § 304.103.

15