# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2015

Lyle W. Cayce
Clerk

No. 14-10973

ART MIDWEST, INCORPORATED, a Nevada Corporation; AMERICAN REALTY TRUST, INCORPORATED, a Georgia Corporation,

      Plaintiffs - Appellants

v.

DAVID M. CLAPPER; ATLANTIC MIDWEST, L.L.C., a Michigan Limited Liability Company; ATLANTIC XIII, L.L.C., a Michigan Limited Liability Company,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Art Midwest, Inc. and American Realty Trust, Inc. ("ART") (collectively, the "ART entities"), entered into an agreement with David M. Clapper, Atlantic Midwest, L.L.C. ("Atlantic Midwest"), and Atlantic XIII, L.L.C. (collectively, the "Clapper entities") to purchase several apartment complexes. The parties organized the transaction so that an intermediate entity, ART Midwest L.P. (the "Partnership"), would be the nominal buyer of the properties. The ART entities attempted to terminate the deal and initiated the underlying lawsuit. The Clapper entities countersued, alleging that the ART entities breached the

No. 14-10973

Agreement by attempting to terminate the deal. A jury cleared the ART entities of wrongdoing, but this court reversed that decision in *Art Midwest I* and remanded for further proceedings. *See Art Midwest, Inc. v. Clapper*, 242 F. App'x 130 (5th Cir. 2007) (*Art Midwest I*).

On remand, the district court entered summary judgment against the ART entities on several of the Clapper entities' claims. The district court entered summary judgment as to damages on some, but not all, of those claims. The district court then conducted a jury trial on the remaining liability and damages issues. A jury found the ART entities liable on the remaining claims. The jury also resolved the damages questions left unresolved by the district court, and entered damages findings on the claims that went to trial. These various findings and conclusions were integrated into the court's final judgment.

Three features of the district court's judgment are relevant here. First, the district court asked the jury to determine the Partnership's damages under section 4.02(d) of the Partnership Agreement as of February 1, 2001 and February 1, 2002. The jury found that, as of the 2001 date, ART owed $7,378,205.75 in capital contributions to Atlantic Midwest, on behalf of the Partnership. It found that, as of the 2002 date, ART owed $10,554,914.00. The district court combined these damages, giving Atlantic Midwest $17,933,119.75 for the breach of section 4.02(d), not including interest. Second, the district court applied the federal postjudgment interest rate to all of the awards beginning on the date after judgment. Third, the district court applied a 19% prejudgment interest rate to Atlantic Midwest's award under section 4.02(d).

The ART entities appealed, arguing that the district court erred by double-counting the 2001 and 2002 amounts. This court agreed, holding that the district court wrongly double-counted the damages award. The court

2

No. 14-10973

remanded "so that the district court can decide whether the 2001 or 2002 amount is the appropriate measure of damages, and then, taking into account interest, recalculate the award." *Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 215 (5th Cir. 2014) (*Art Midwest II*).

On remand, the district court held that the 2002 amount was the appropriate measure of damages. It refused to consider the ART entities' argument that the 19% prejudgment interest rate was inappropriate, holding that the argument was "foreclosed by the law of the case doctrine and/or the mandate rule." The district court then entered a new final judgment, amending the award of damages under section 4.02(d) and recalculating the amount of interest owed on all the awards according to the new date of judgment.

## STANDARD OF REVIEW

"We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or *mandate rule* forecloses any of the district court's actions on remand." *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006). We also review *de novo* "the award of postjudgment interest under 28 U.S.C. § 1961." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 453 (5th Cir. 2013).

## DISCUSSION

## I. The ART entities waived their objections to the 19% prejudgment interest rate.

The ART entities argue that the district court erred by applying a 19% prejudgment interest rate to the award of damages. The Clapper entities contend that the ART entities waived their arguments regarding the application of the 19% prejudgment interest rate by failing to raise them during the prior appeal. We agree.

"It is common to rule that a question that could have been but was not raised on one appeal cannot be resurrected on a later appeal to the same court

in the same case." 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.6 (2d ed. 2013) (footnote omitted); *see also Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (explaining that "an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand"); *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (holding that failure to adequately brief issues during prior appeal barred consideration on second appeal).

In the ART entities' prior statement of the issues presented, they argued, inter alia, that the district court erred by "appl[ying] the default interest rate under the Atlantic XXXI note to the entire contribution amount." The actual discussion of this issue was exceedingly brief. The ART entities contended generally that "[u]sage of the Partnership default rate of 19% under the Atlantic XXXI note and applying this extraordinary interest rate to the entire contribution amount constituted independent, reversible error." But in the brief's argument section, the ART entities made clear that they objected only to the district court's application of the 19% interest rate to contribution amounts that had already been paid. Considering these various statements together, it is clear that the ART entities' earlier argument focused on the application of the prejudgment interest rate to portions of the section 4.02(d) award that they believed had already been paid. They raised no general objection to the district court's application of the prejudgment interest rate, nor did they complain of the other alleged failures they raise in this appeal.

The ART entities maintain that they did not waive their objections for three reasons. First, they contend that the district court did not rely on the waiver doctrine when it rejected their arguments. But courts often use law-of-the-case language when, to be precise, they should refer to the waiver doctrine. *See, e.g.*, 18B Wright & Miller § 4478.6 ("The refusal to resurrect [an unappealed] issue late in the proceedings supports efficient appeal

relationships, but there is no explanatory value in relying on law-of-the-case terminology."). And in any event, the ART entities fail to cite any case that would limit this court's ability to consider waiver because of the district court's reasoning. Second, the ART entities maintain that their sparse arguments in the prior appellate brief were sufficient to preserve their challenge here. But like the appellant in *United States v. Scroggins*, 599 F.3d 433 (5th Cir. 2010), the ART entities' earlier arguments are insufficient to preserve their challenge. *Cf. id.* at 447 ("[M]erely intimating an argument is not the same as pressing it." (internal quotation marks and alteration omitted)). Third, the ART entities contend that the failure to present an issue in a previous case cannot waive the issue in a subsequent case. This is wrong as a matter of law. *See Med. Ctr. Pharmacy*, 634 F.3d at 834; *see also Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) ("We have several times said that appellate courts are precluded from revisiting not just prior *appellate* decisions but also those prior rulings of the *trial* court that could have been but were not challenged on an earlier appeal."). They further contend that the Clapper entities should have raised the inadequate briefing issue during the prior appeal. Needless to say, this is not how the waiver doctrine apportions the burdens among the parties.

During the prior appeal, the ART entities could have challenged the district court's general application of the 19% prejudgment interest rate, its use of a compound interest calculation, and its calculation of prejudgment interest through the date of the first judgment. Because the ART entities failed to raise any of those issues during the prior appeal, we deem their objections waived.

No. 14-10973

**II.    The district court erred by applying prejudgment interest through the date of the post-remand judgment.**

The ART entities argue that Texas law controls the award of prejudgment interest and that under Texas law the 19% prejudgment interest rate applied only until the date of the first judgment (i.e., October 11, 2011). The Clapper entities contend that federal law requires the district court to calculate prejudgment interest through the date of the second judgment. Federal law controls. We vacate the district court's judgment and remand with instructions to recalculate the interest award.

**A.    Amounts affirmed in *Art Midwest II***

In diversity cases, federal law controls the award of postjudgment interest, including decisions about when postjudgment interest begins to accrue. *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 622-24 (5th Cir. 1988). Federal law provides that postjudgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). Under federal law, the district court erred when it recalculated interest on those portions of its judgment that this court affirmed in *Art Midwest II*.

In *Masinter v. Tenneco Oil Co.*, 929 F.2d 191 (5th Cir. 1991), *affirmed in relevant part by Masinter v. Marlin Drilling Co., Inc.*, 938 F.2d 536 (5th Cir. 1991) (mem.), the district court held that Masinter was entitled to an award for past lost wages, pain and suffering, and future lost wages. 929 F.2d at 193. In Masinter's first appeal, this court affirmed the awards for past lost wages and pain and suffering, while vacating the award for future lost wages. *Id.* On remand, the district court awarded Masinter postjudgment interest from the date of the second judgment, even as to those portions of the award that were affirmed. *Id.* In his second appeal, Masinter challenged the district court's decision to recalculate postjudgment interest on the first two awards. We held that, under Federal Rule of Appellate Procedure 37, postjudgment interest

6

"should run from the date of judgment in the first trial" for those awards that were affirmed in the first appeal. *Id.* at 195.

In *Art Midwest II*, this court vacated only "the award of combined contribution amounts." 742 F.3d at 219. "We otherwise [affirmed]" in full. *Id.* Even though we affirmed all but one aspect of the first judgment, the district court recalculated pre- and postjudgment interest as to each award through the date of the second judgment. Under Appellate Rule 37(a) and *Masinter*, this was error. Postjudgment interest runs from the date of the first judgment. Accordingly, we vacate those portions of the second judgment relating to awards that this court affirmed in *Art Midwest II*, and remand to the district court with instructions to reinstate the corresponding portions of the first judgment.

**B.    Section 4.02(d) damage award, vacated in *Art Midwest II***

The district court also /failed to properly construe 28 U.S.C. § 1961 in determining the date from which postjudgment interest should run on the section 4.02(d) award.

As several circuits have pointed out, the statute is silent on when postjudgment should start when there are multiple judgments. *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("[W]here there has been more than one judgment, Section 1961 is silent as to which judgment post-judgment interest accrues from."); *see also Loughman v. Consol-Penn. Coal Co.*, 6 F.3d 88, 97-98 (3d Cir. 1993) (explaining that the determination of whether postjudgment interest should run from the original judgment turns on "the degree to which the original judgment was upheld or invalidated on appeal"); *Cordero v. De Jesus-Mendez*, 922 F.2d 11, 16 (1st Cir. 1990) ("In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is

basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment.").

The Clapper entities cite *Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111 (5th Cir. 1985), for the proposition that "a district court possesses no authority upon remand to calculate post-judgment interest from a date before its post-remand decision unless the mandate of the court of appeals directs otherwise." *Id.* at 1112. Reading *Reaves* and related cases closely, however, suggests that they do not control here.

*Reaves* and its kin are based on the Supreme Court's decision in *Briggs v. Pennsylvania Railroad Co.*, 334 U.S. 304 (1948). There, the court of appeals gave a specific order to the district court—to reinstate an award of $42,500, *see id.* at 305—and the question presented concerned judicial power: Whether the district court "had [any] power to enter judgment for an amount different than directed," *id.* at 306. The Supreme Court said no. *Id.* at 306-07. The Judicial Conference then amended Appellate Rule 37 to incorporate *Briggs*' holding. *See* Fed. R. App. P. 37(b) & advisory committee's note to 1967 adoption. Following the enactment of Appellate Rule 37, this court has repeatedly affirmed that, where the court of appeals expressly or implicitly directs the entry of a money judgment on remand without mentioning interest, postjudgment interest accrues from the date of the later judgment on remand. *See, e.g.*, *Vickers v. Chiles Drilling Co.*, 882 F.2d 158, 159 (5th Cir. 1989) (per curiam); *Gele v. Wilson*, 616 F.2d 146, 149-50 (5th Cir. 1980).

Nevertheless, *Briggs* and Rule 37(b) do not limit the ART entities' ability to challenge the district court's interest award. This court's mandate in *Art Midwest II* states that the case was "remanded to the District Court for further proceedings in accordance with the opinion of th[e] Court." The court's opinion provided that the district court should "decide whether the 2001 or 2002 amount [was] the appropriate measure of damages, and then, taking into

account interest, recalculate the award." *Art Midwest II*, 742 F.3d at 215. Reading the opinion and mandate together, makes clear that the district court had a duty to "tak[e] into account interest" when "recalculat[ing] the award." *Id.*

When the *Art Midwest II* panel vacated and remanded the section 4.02(d) contribution damages, it did so because it found that the district court's calculation double counted those damages. *Id.* at 214-15. The panel thus remanded for the district court to choose one of two already determined (by the jury) damages amounts. In doing so, the *Art Midwest II* panel left much of the original judgment intact, including the liability determination. *See Loughman*, 6 F.3d at 100; *see also Nissho-Iwai*, 848 F.2d at 624 (emphasizing that although the previous panel remanded components of the damages calculation, it affirmed the jury's finding of breach). Because, on remand, the district court calculated damages by choosing one of two predetermined amounts, without reopening the evidentiary record, it should have—according to the *Art Midwest II* mandate—calculated interest with reference to the first judgment. *See Loughman*, 6 F.3d at 97.

Because we construe the mandate as directing the district court to award interest, we hold that the district court erred in calculating interest on the section 4.02(d) damages through the post-remand judgment. Accordingly, we vacate the district court's calculation of prejudgment and postjudgment interest on the section 4.02(d) damages, with instructions to recalculate with reference to the first judgment.

## CONCLUSION

For the reasons discussed, we find the ART entities waived their challenge to the district court's general application of the 19% prejudgment interest rate, its use of a compounding interest calculation, and its calculation of prejudgment interest through and including the date of judgment. We

No. 14-10973

VACATE and REMAND with instructions for the district court to reenter the portions of its first judgment that were affirmed in *Art Midwest II*, and to recalculate pre- and postjudgment interest on the section 4.02(d) award with reference to the date of the first judgment, October 11, 2011.