HYDE CONSTRUCTION COMPANY, INC., Plaintiff-Appellee Cross Appellant,

v.

KOEHRING COMPANY, Defendant-Appellant Cross Appellee.

Vardaman S. DUNN, Plaintiff-Appellant,

v.

KOEHRING COMPANY, Defendant-Appellee.

Nos. 75–1261 and 75–1327.

United States Court of Appeals, Fifth Circuit.

April 25, 1977.

E. P. Lobrano, Jr., Jackson, Miss., for Koehring Co.

William E. Suddath, Jr., Vardaman S. Dunn, Jackson, Miss., for Hyde Const. Co., Inc. and Dunn.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD and HILL, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Only one issue in Koehring's petition needs to be addressed. Koehring asserts that the panel opinion made a factual finding that an assignment existed from Hyde to Dunn, 546 F.2d 1193 at 1202, though no copy of such an assignment was ever found and its existence was never proved. A part of the opinion can be so construed and should be clarified.

What happened was this. In a letter to Koehring's Oklahoma attorney, Koehring's house counsel said that he was enclosing a copy of an assignment from Hyde to Dunn which made Dunn the primary party in interest in any recovery made on the judgment against Koehring and made Dunn dependent on the judgment for payment of his attorney's fees. With this letter was a memorandum suggesting that Dunn could only be punished by citing for contempt Hyde and "its assignees as well." The fact that the alleged assignment was never found or introduced is immaterial to Koehring's intent to harm Dunn. What is important is that Koehring believed the assignment existed and its actions taken against Hyde to harm Dunn were based on this belief.

Thus, Koehring's petition for rehearing is GRANTED in part. In all other respects the said petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is DENIED.