Rickey COMBEE, Plaintiff-Appellee,
Cross-Appellant,

v.

SHELL OIL COMPANY, Defendant-
Third Party Plaintiff,

TRAVELERS INSURANCE
COMPANY, Defendant,

v.

KENDALL CONSTRUCTION CO. et al.,
Third Party Defendants-Appellants,
Cross-Appellees.

No. 77–2843.

United States Court of Appeals,
Fifth Circuit.

April 18, 1980.

Rehearing Denied May 19, 1980.

Normand F. Pizza, New Orleans, La., for Kendall et al.

William W. Miles, Metairie, La., for Combee.

Before HILL, KRAVITCH and THOMAS A. CLARK, Circuit Judges.

KRAVITCH, Circuit Judge.

In this diversity case, Rig Hammers, Inc. and Kendall Construction Co. appeal an adverse judgment, claiming: (a) a lack of subject matter jurisdiction; and (b) that

the trial court erred in denying their motion to dismiss on the basis of prescription. Combee cross-appeals contending the trial court abused its discretion in permitting Rig Hammers and Kendall to amend their answers to assert the prescription defense, after the defense had rested.

Plaintiff, Rickey Combee, was injured on December 16, 1974, while working as a laborer on an offshore facility of Shell Oil Company near Venice, Louisiana. Combee was an employee of Comet Construction Co., which had contracted with Shell to furnish laborers for the construction. Under separate contract with Shell, Rig Hammers, Inc. and its subcontractor, Kendall Construction Co., exercised supervisory control and furnished supervisory personnel.

Within one year of his injury, Combee filed suit against Shell Oil Co. and its liability insurance company, Travelers Insurance Co. On July 1, 1976, Shell filed a third-party complaint against Kendall Construction Co. and Rig Hammers, Inc. On December 8, 1976, Combee moved to join Rig Hammers and Kendall as parties defendant.

In that procedural posture the case proceeded to trial. The plaintiff presented his case and rested (T–340). Shell moved for a directed verdict which was taken under submission. All defendants then rested without presenting any evidence (T–354). *After* having rested, Rig Hammers and Kendall Construction moved to amend their pleadings to include the affirmative defense of prescription (T–358).[1]

Upon the district court allowing the amendment to be filed,[2] the plaintiff voiced his objection by stating that this was the first time the issue of prescription had been raised.[3] The court then ruled:

Well, the defense will not help him at all.

According to Louisiana Civil Code Article 2097: "A suit brought against one of the debtors in solido interrupts prescription with regard to all."

The Plaintiff has sued all defendants as joint tortfeasors, so since he's sued one, he's sued all. So, I allowed you to amend your answer by pleading prescription and now I will strike down your prescription plea. (T–359).[4]

At this time Rig Hammers and Kendall Construction made motions for directed verdicts which were taken under advisement.

The case was submitted to the jury which returned a verdict for Combee against Rig Hammers and Kendall Construction, but absolved Shell of liability. In post-trial motions, Rig Hammers and Kendall Construction moved to have the judgment set aside or vacated, or the claim dismissed, based on their prescription defense. These motions were denied.

On appeal, Rig Hammers and Kendall Construction argue that the district court erred in failing to dismiss the claim against

---

1. La.Civ.Code Ann. art. 3536 provides that actions for offenses or quasi offenses are prescribed by one year.

2. MR. PIZZA (Counsel for Rig Hammers and Kendall): Your Honor, first of all, I would like to move that my amended petition be filed urging the prescription.

    THE COURT: Well, I have allowed it to be filed, but it won't do you any good.

    Now, in the future, don't wait until midway in a trial to file an amendment—

    MR. PIZZA: I apologize to the Court for that.

    THE COURT: —now, that's ridiculous.

    MR. PIZZA: I have to agree.

    MR. MILES (Counsel for Combee): Your Honor, the amended answer has been filed?

    THE COURT: Yes, I allowed it to be filed. Prescription.

3. MR. MILES: This is the first time that the issue of prescription has been raised in this matter.

    THE COURT: It has.

    MR. MILES: And I'm really caught somewhat unaware. I was caught somewhat unaware when he came in this morning. It was not raised in the pre-trial order.

4. On appeal, the plaintiff suggests that the district court struck the amendment which asserted prescription. We do not so read the district judge's statement. Rather, it appears the district court was holding the defendants had no prescription defense as a matter of law.

them on the basis of prescription.[5] Combee cross-appeals, contending the prescription plea was not timely raised and thus the district court abused its discretion in permitting the amendment which raised the defense. Additionally, the defendants question subject matter jurisdiction, claiming there was not complete diversity between the parties.

## Subject Matter Jurisdiction

Jurisdiction in this case is predicated on diversity of citizenship. Combee alleged that he is a Florida domiciliary, while Rig Hammers and Kendall Construction are Louisiana corporations. The defendants, however, contend that Combee is, in fact, a Louisiana domiciliary and that the district court's decision to the contrary is clearly erroneous. We cannot agree.

■ For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974).

■ In this case there was admittedly conflicting evidence as to Combee's domicile. During his deposition Combee stated that he intended to stay in New Orleans permanently. At trial, however, he explained that statement as meaning he intended to stay in New Orleans to go to school. He denied that Louisiana is his home:

Q: Louisiana is going to be your home now for the next few years?

A: Not my home, no. My—I hope you all can understand this, but my home is in Florida, that's where I hope to continue living, but the school situation is here and I do intend to stay here and go to school for the next few years.

Moreover, Combee's testimony concerning his travels between the time of his injury and the trial referred to Florida as his "home" to which he would periodically return during that interval.

The trial judge who heard the testimony was in a better position than we are to make credibility determinations. There is sufficient evidence in the record that Combee considered Florida his home to support a conclusion that the trial court was not clearly erroneous in so deciding.

## Prescription Defense

■ Rule 8(c) of the Federal Rules of Civil Procedure requires the defense of the statute of limitations (in Louisiana—prescription) to be affirmatively pled in the party's defensive pleading. *Dunn v. Koehring Co.*, 546 F.2d 1193 (5th Cir.), *modified on other grounds*, 551 F.2d 73 (5th Cir. 1977). Rig Hammers and Kendall Construction were thus bound by the Federal Rules to raise the prescription defense in their responsive pleadings, and failure to do so waived the defense unless the failure was corrected by amendment. *Pearce v. Wichita County*, 590 F.2d 128, 134 (5th Cir. 1979); *Dunn v. Koehring Co.*, 546 F.2d 1193 (5th Cir.), *modified on other grounds*, 551 F.2d 73 (5th Cir. 1977); *Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.*, 168 U.S.App.D.C. 149, 161–62, 513 F.2d 407, 419–20 n.92 (D.C.Cir.1975); *Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810, 813 (1st Cir. 1975).

If the trial court correctly permitted the defendants to file their amendment after both parties rested, they may be entitled to a judgment based on that defense.[6] If, however, the trial court erred in allowing the amendment, then the prescription defense was waived and the judgment for

---

**5.** With Shell absolved of liability, Rig Hammers and Kendall Construction urge that the period of prescription ran before they were sued. If Shell was a joint tortfeasor, Combee's filing suit against it tolled the period of prescription against all joint tortfeasors. With Shell absolved of liability, however, Combee would have to rely on the "relation back" provision of Rule 15(c), Fed.R.Civ.P., to retain his judgment against Rig Hammers and Kendall Construction if they timely raised the defense of prescription. *But see Anderson v. Papillion*, 445 F.2d 841 (5th Cir. 1971).

**6.** *See* note 5, *supra*.

Combee must be affirmed. We hold the trial court abused its discretion in permitting the amendment and thus affirm the judgment.

The Federal Rules of Civil Procedure are designed to avoid surprise and thus to facilitate a proper ruling on the merits of each case. Pursuant to that philosophy, Rule 15(a) requires amendments to be freely allowed "when justice so requires." A judge's ruling in this regard will be reversed only for abuse of discretion. *Dunn v. Koehring*, 546 F.2d 1193, 1198 (5th Cir.), *modified on other grounds*, 551 F.2d 73 (5th Cir. 1977).

In *Dunn* the court upheld a trial judge's ruling which did not permit an amendment asserting a statute of limitations defense to be filed the morning the trial was to begin. In contrast, here the trial judge permitted the amendment *after* both parties had rested, thus preventing the plaintiff from presenting any evidence which might have avoided the prescription defense.

It is true that Rule 15(b), Fed.R.Civ.P., permits amendments to the pleadings even after judgment *if* the issues involved are tried by the express or implied consent of the parties. *See Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810 (1st Cir. 1975). Although the defendants contend the plaintiff knew they were asserting a prescription defense prior to trial, there is no indication in the record that prescription was in issue at trial. In fact, at the time the motion to amend was presented, both the trial judge and the plaintiff stated that was the first time it had been raised. The liberal amendment rules of the Federal Rules of Civil Procedure are not to be construed to permit "trial by ambush." *See Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978). The trial court erred in permitting the defendants to amend their pleadings to assert an affirmative defense, neither expressly nor impliedly tried, after all parties had rested.

Because we hold the defendants did not timely raise the affirmative defense of prescription and thus waived it, the trial court did not err in refusing to set aside the judgment.

The judgment is AFFIRMED.