**CANAL INSURANCE COMPANY,
Plaintiff–Appellant,**

v.

**FIRST GENERAL INSURANCE COMPANY, Defendant–Appellee.**

No. 89–4050.

United States Court of Appeals,
Fifth Circuit.

April 26, 1990.

Thomas A. Wicker, Holland, Ray & Upchurch, Tupelo, Miss., for plaintiff-appellant.

Julie E. Chaffin, Thomas W. Tardy, III, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, GEE and SMITH, Circuit Judges.

BY THE COURT:

Canal Insurance Company seeks recall of our mandate under Local Rule 41.2 so that it can be reformed to include instructions regarding prejudgment interest. In the interest of justice, we recall and reform the mandate.

## I

The facts pertinent to this coverage dispute between insurance carriers are set out in *Canal Insurance Co. v. First General Insurance Co.*, 889 F.2d 604 (5th Cir.1989). We discuss here only those aspects that bear on this motion.

Several parties brought suit in Mississippi state court against Custom Freight for injuries and damages sustained in an accident involving a tractor-trailer rig driven by a Custom employee. Custom owned the trailer of the rig and English Trucking owned the tractor. Canal insured Custom; First General Insurance Company insured English. Canal asked First General to admit coverage and defend Custom. First General refused, and Canal proceeded to defend Custom.

While the lawsuits against Custom were pending in the Mississippi courts, Canal brought an action in the district court seeking a declaratory judgment that First General, not Canal, covered the accident. The district court held that Canal alone provided coverage. During the pendency of that action, Canal paid judgments or settlement amounts on behalf of Custom as a result of the state court actions.

On appeal we held that First General's policy rather than Canal's covered the accident. We vacated the district court's judgment and remanded, stating:

> First General must reimburse Canal for, and in the amount of, judgments and settlements paid by Canal on behalf of Custom in the related state court actions, Canal's cost of defending Custom, and the court costs in the district court. In addition, First General will pay costs in this court. The record is unclear as to the actual amounts. On remand, the district court is to calculate these amounts and enter judgment accordingly.

889 F.2d at 612. Our mandate did not mention interest. We denied First General's petition for rehearing. Canal filed no petition. First General has made no payments to Canal.

Canal now moves this court to recall and reform the mandate to provide instructions to the district court regarding interest on the various amounts that it paid on behalf of Custom.

## II

Rule 37 of the Federal Rules of Appellate Procedure provides that "If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." If the mandate in such a case fails to contain instructions regarding interest, the district court on remand is without power to award prejudgment interest. *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *Martin v. Walk, Haydel & Assocs.*, 794 F.2d 209, 211 (5th Cir.1986). The drafters of Rule 37 recognized that

harsh results could occur where a court of appeals directs entry of judgment and fails to instruct on interest. The advisory committee note to rule 37 states that "in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question." Fed.R.App.P. 37 advisory committee note.

■ Our prior opinion did not contain instructions on the issue of prejudgment interest and no party called the matter to our attention before the mandate issued. The district court therefore was precluded from considering an award of such interest. First General has made no payments in accordance with our previous mandate. Because this court overlooked the question of prejudgment interest and First General will suffer no undue prejudice, it is just to recall the mandate and determine the question. See 5th Cir. R. 41.2; *Reeves v. International Tel. & Tel. Corp.*, 705 F.2d 750 (5th Cir.1983) (per curiam).

### III

■ In diversity cases, issues of prejudgment interest are governed by applicable state law. *Dunn v. Koehring Co.*, 546 F.2d 1193, 1201 (5th Cir.), *modified on other grounds on reh'g*, 551 F.2d 73 (5th Cir.1977) (per curiam). Under Mississippi law, the award of prejudgment interest generally rests in the discretion of the trial judge. *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss.1985); *but see Estate of Van Ryan v. McMurtray*, 505 So.2d 1015, 1019 (Miss.1987) (plaintiff entitled as matter of law to prejudgment interest from date money due if amount is liquidated and there is no legitimate dispute that money is owed). The Mississippi Supreme Court has upheld awards of prejudgment interest in the insurer-insured context where the claim was liquidated when made or where the reason for denying the claim was frivolous or it was denied in bad faith. *Aetna*, 471 So.2d at 331. On the other hand, that court has

reversed prejudgment interest awards where the underlying amounts were unliquidated. *See, e.g., O.J. Stanton & Co. v. Dennis*, 360 So.2d 669, 673 (Miss.1978). The Mississippi court consistently requires that the trial court in exercising its discretion consider the particular facts and circumstances of the case before it. *See, e.g., Glantz Contracting Co. v. General Elec. Co.*, 379 So.2d 912, 918 (Miss.1980). Denial of the right to funds due that are established or ascertainable in amount appears to be a key consideration.

■ After filing its declaratory relief action in the district court, Canal paid state-court judgments and settlements to parties who made claims against Custom. Although these sums were clearly liquidated when paid by Canal, there was a nonfrivolous dispute as to whether First General was liable for them. Thus, Canal is not absolutely entitled to prejudgment interest with respect to those amounts. *Van Ryan*, 505 So.2d at 1019. However, because the amounts are liquidated, we note that the district court would be acting within the discretion contemplated by Mississippi law if it awarded interest on such amounts from the dates they were paid by Canal. With regard to Canal's costs of defending the claims against Custom, the district court must, of course, determine whether the amounts are liquidated. If they are, the court may consider whether circumstances warrant an award of interest.

### IV

It is ORDERED that the motion to recall the mandate of the court is GRANTED. The mandate is RECALLED and REFORMED to the extent that the district court may at its discretion award prejudgment interest to Canal in accordance with this opinion.