**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60152
Summary Calendar

AETNA CASUALTY & SURETY COMPANY,

Plaintiff-Appellee,

VERSUS

DOROTHY CROSS HOOD, Individually;
as Administratrix of the Estate of
Roger Neal Hood, Deceased, and as
Wrongful Death Beneficiary of Roger
Neal Hood, et al.,

Defendants-Appellants.

Appeal from the United States District Court
For the Northern District of Mississippi
(3:93 CV 139)

August 24, 1995

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Dorothy Cross Hood, along with other members of the Hood

family ("the Hoods"), appeal the denial of prejudgment interest on

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the proceeds of an automobile insurance policy.  We affirm.

FACTS

On July 9, 1993, a wrongful death lawsuit was instituted by the Hood family seeking compensatory and punitive damages for the wrongful death of Roger Neal Hood and the injuries to Robert Dale Hood arising out of an automobile collision.  The collision occurred when a vehicle driven by Kelly Jo Vincent collided with a vehicle owned and operated by Roger Neal Hood, in which Robert Dale Hood was a passenger.  Roger Neal Hood was killed in the accident and Robert Dale Hood suffered serious injuries.  The automobile driven by Kelly Jo Vincent was covered by a liability policy issued by Aetna.

PROCEEDINGS BELOW

On September 2, 1993, Aetna Casualty and Surety Company ("Aetna") filed a Complaint in Interpleader pursuant to Rule 22, FED. R. CIV. P., naming several members of the Hood family as individuals with multiple claims to its policy.  The policy provided for single limits liability coverage of $500,000.  Aetna's complaint offered to tender $484,169.20 into the registry of the court, which amount represented the maximum proceeds for liability under the policy after subtracting the amounts previously paid by Aetna for expenses related to the accident.  The Hoods filed an answer to the interpleader action on October 5, 1993, asking that Aetna "be required to forthwith tender into the court the sum of §484,169.20, together with interest until paid."  On February 16, 1994, the court entered an order granting Aetna leave to deposit

2

the policy proceeds with the clerk of court, which Aetna did on February 25, 1994.

The parties ultimately agreed that the Hoods were entitled to summary adjudication as to the proposed distribution of the proceeds, and the court entered judgment in accordance with that agreement. The district court then entered summary judgment denying the Hoods prejudgment interest, which order is the subject of this appeal.

PREJUDGMENT INTEREST

We review the denial of prejudgment interest to determine whether the district court abused its discretion. *Canal Ins. Co. v. First General Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990).

The district court correctly held that the issue as to the Hoods' entitlement to prejudgment interest in this diversity case is governed by the law of Mississippi. *Canal Ins. Co. v. First General Ins. Co.,* 901 F.2d 45, 47 (5th Cir. 1990). While there is no Mississippi case directly on point, as a general proposition, prejudgment interest is allowed by Mississippi law under a variety of circumstances. *See Moss Point v. Miller*, 608 So.2d 1332, 1336 n.4 (Miss. 1992) ("Prejudgment interest may be granted (1) pursuant to a statute, (2) if a provision in a contract provides or (3) where the proof is sufficient to support an award of punitive damages"); *Aetna Casualty & Surety Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss. 1985) ("Under Mississippi law prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made, or where denial of the claim is

3

frivolous or in bad faith").

The Hoods urge here, as they did below, that the court's discretion should be guided by the three factors set out in *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79 (9th Cir. 1982):

> ...(1) whether the stakeholder unreasonably delayed in instituting the action or depositing the fund with the court, (2) whether the stakeholder used the fund for his benefit and would be unjustly enriched at the expense of the claimants who have claim to the fund, and (3) whether the stakeholder eventually deposited the fund into the court's registry.

*Id.* at 82 (citations omitted). The district court did, in fact, consider these factors and determine that, under the circumstances of this case, (1) Aetna did not unreasonably delay in depositing the funds into the court registry, (2) Aetna was not unjustly enriched because the policy proceeds were not "money overdue," and (3) the fact that Aetna actually made the deposit with the court while under no legal obligation to even bring this action weighed in favor of no prejudgment interest award.

While agreeing with the factors used in the district court's analysis, the Hoods contend that the conclusions reached amount to abuse of the court's discretion. The Hoods argue that during the six months between the time Aetna acknowledged liability for the policy amounts and the time the money was deposited with the court registry, Aetna controlled the money and profited from any interest earned. If the funds had been deposited earlier, the court registry would have invested them in an interest bearing account during that six months, and the interest would have inured to the

Hoods' benefit. The Hoods take the position that Aetna unreasonably delayed and was unjustly enriched by that delay, so that factors one and two should have been weighed in their favor. They also argue that liability was established and the funds became due and owing when Aetna filed its initial interpleader pleading, relinquishing all claims to the limits of the policy.

We are not convinced that the district court abused its discretion in finding that a six month delay was not unreasonable in this case, considering there had been no judicial determination of liability as to the two competing tort claims and Aetna had no legal obligation to pay the policy proceeds to the claimants. Likewise, the district court did not abuse its discretion in holding that Aetna was not unjustly enriched by failure to deposit the money during that time.

## CONCLUSION

For the foregoing reasons, the district court's order denying prejudgment interest is AFFIRMED.

5