# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-50028
Summary Calendar

PATRICIA ANN MONARDES, PHD

Plaintiff - Appellant

v.

PABLO AYUB, MD; LEONARDO SOTELO

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-170

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patricia Ann Monardes ("Monardes"), proceeding *pro se*, appeals the district court's dismissal of her complaint for lack of subject matter jurisdiction.

## FACTS AND PROCEEDINGS

Monardes filed a complaint against Pablo Ayub ("Ayub") and Leonardo Sotelo ("Sotelo"), setting forth various allegations related to real and personal property located in Sunland Park, New Mexico. After reviewing her allegations,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court set a deadline for Monardes to show cause why her claims should not be dismissed for lack of subject matter jurisdiction. The show cause deadline was extended when Monardes informed the court that she was in the process of obtaining counsel; the court cautioned that it would not grant any further extensions. On the reset deadline date, Monardes moved for a second continuance. The district court denied the motion. Subsequently, the district court *sua sponte* reviewed Monardes's claims and found no allegations of citizenship upon which it could properly exercise diversity jurisdiction under 28 U.S.C. § 1332(a). It further noted Monardes's failure to satisfy the previous show cause order. Accordingly, the court dismissed the case without prejudice for lack of subject matter jurisdiction. Monardes timely appealed.

## STANDARD OF REVIEW

"When addressing a dismissal for lack of subject matter jurisdiction, we review application of law de novo and disputed factual findings for clear error." *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009). "A district court's factual findings are clearly erroneous only if, after reviewing the record, this Court is firmly convinced that a mistake has been made." *Id.*

## DISCUSSION

The district court based its dismissal on Monardes's failure to allege the citizenship of any of the parties. Instead, Monardes alleged that she was a "resident of the State of New Mexico" and that "Ayub . . . is a resident of El Paso, Texas and [Sotelo] is a resident of Mexico and El Paso, Texas." The district court found these allegations of the defendants' residency insufficient to establish diversity jurisdiction.

"For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key." *Combee v. Shell Oil Co.*, 615 F.2d 698,

2

700 (5th Cir. 1980); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007) ("A party's residence in a state alone does not establish domicile."). An allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the requirements of § 1332(a). *See Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985). Because Monardes failed to allege or otherwise establish the citizenship of the defendants,[1] the district court's dismissal for lack of diversity jurisdiction was proper.[2]

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] In her brief, Monardes argues that she unsuccessfully sought the defendants' answers to interrogatories which would have established their Mexican citizenship. Monardes further claims that she was prepared to produce witnesses at a docket call hearing who would have testified to the defendants' citizenship, but that the case was dismissed prior to that hearing. However, the show cause order, which Monardes did not satisfy, clearly indicated that a failure to comply would result in a dismissal of the case. Monardes was, therefore, on notice before the scheduled hearing that her case was subject to dismissal.

[2] To the extent Monardes presents other assertions and arguments in her brief, they do not address whether the district court had subject matter jurisdiction. The court therefore need not consider those claims in resolving this appeal. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." (footnote omitted)).