[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16046

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-22317-CV-EGT

ISABEL DIAZ,
plaintiff and all others
similarly situated under
29 U.S.C. 216(b),

                                                        Plaintiff-Appellant,

versus

JAGUAR RESTAURANT GROUP, LLC,
EDUARDO DURAZO,
JAGMAR MANAGEMENT GROUP, LLC,

                                                        Defendants-Appellees,

JAGMAR BRANDS, LLC,

                                                        Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2010)

Before CARNES, FAY and SILER,* Circuit Judges.

PER CURIAM:

Isabel Diaz ("Diaz") filed a lawsuit against Jaguar Restaurant Group, LLC, Jagmar Management Group, LLC, Jagmar Brands, LLC[1], and Eduardo Durazo (collectively, "Jaguar"), her former employer, for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–216. During trial, the district court allowed Jaguar to amend its Answer pursuant to Federal Rule of Civil Procedure 15(b) to include the administrative exemption as an affirmative defense as it found that Diaz had injected the issue through her testimony at trial. The jury returned a verdict finding that Diaz had worked more than 40 hours per week for which she was not compensated, but also finding that she was exempt from the requirements of the FLSA as she was an administrative employee. Subsequently, Diaz filed this appeal challenging the district court's decision to allow Jaguar to amend its Answer during trial. We reverse the district court's decision allowing Jaguar to amend its Answer, and remand this case to the district court for a trial on damages.

_____

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] Jagmar Brands, LLC is no longer a party in this case as it was stipulated during trial that it would be voluntarily dismissed with prejudice from this matter.

# I. BACKGROUND

Isabel Diaz worked as a bookkeeper for Jaguar from December 2004 to March 2008. During her employment, Diaz performed numerous administrative tasks in addition to her bookkeeping duties. For example, she managed the cash register, distributed tips, opened bank accounts, maintained menus, processed new employees into the system, ran errands, managed liquor orders, and occasionally opened the restaurant. Although Diaz often worked long hours, Jaguar did not compensate Diaz for work performed in excess of 40 hours per week.

On August 20, 2008, Diaz filed this lawsuit against Jaguar under the FLSA to recover unpaid overtime wages. In its Answer, Jaguar raised five affirmative defenses, including the defense that Diaz was an independent contractor. Jaguar, however, did not raise the administrative exemption as an affirmative defense. Subsequently, the parties conducted discovery and, on December 23, 2008, Diaz was deposed. Following discovery, on February 17, 2009, Jaguar filed its Motion for Summary Judgment, which was denied.

On October 1, 2009, the parties filed a Joint Pretrial Stipulation. In the Joint Pretrial Stipulation, Jaguar raised the administrative exemption for the first time. In one line of the Joint Pretrial Stipulation, Jaguar stated that whether Diaz was "employed in an administrative or professional capacity" was an issue of fact

3

which required proof at trial. In a footnote in the Joint Pretrial Stipulation, Diaz objected to Jaguar's insertion of this issue, stating that this defense was never raised by Jaguar and was thus waived. Then, on October 5, 2009, the district court conducted a pretrial conference, during which Jaguar did not raise the administrative exemption issue, and the district court did not address the issue in its Omnibus Order Following Pretrial Conference. The day before trial, on October 19, 2009, the parties filed their proposed Joint Jury Instructions and Jaguar included one instruction on the administrative exemption, to which Diaz objected. Despite the objections filed by Diaz, Jaguar did not file a motion to amend its Answer to include the administrative exemption as an affirmative defense at any time prior to trial.

On October 20, 2009, trial commenced. At the close Jaguar's case, Jaguar filed a Motion to Amend Answer to Conform to the Evidence in order to include the administrative exemption as an affirmative defense. Diaz objected to the amendment, arguing that Jaguar waived the defense by not raising it earlier and that Diaz had not introduced any new evidence through her testimony. The district court granted Jaguar's motion over Diaz's objection, allowing Jaguar to amend its Answer and allowing the jury instructions and verdict form to be altered accordingly. Subsequently, the jury returned a verdict finding that Diaz worked

4

more than 40 hours per week for which she was not compensated, but that she was exempt from the requirements of the FLSA as an administrative employee. Diaz timely filed this appeal alleging that the district court committed reversible error by allowing Jaguar to amend its Answer during trial.

## II. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure are designed to avoid surprise and thus to facilitate a proper ruling on the merits of each case." *Combee v. Shell Oil Co.*, 615 F.2d 698, 701 (5th Cir. 1980).[2] Pursuant to that philosophy, Federal Rule of Civil Procedure 15(b) "permits amendments to the pleadings even after judgment if the issues involved are tried by the express or implied consent of the parties." *Id.* "Allowing an amendment to the pleadings at the close of trial to conform to the evidence presented is within the trial court's discretion." *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 758 (11th Cir. 1985). Thus, we review the district court's decision to grant Jaguar leave to amend its Answer for abuse of discretion. *See Combee*, 615 F.2d at 701.

## III. DISCUSSION

Jaguar failed to plead the administrative exemption as an affirmative defense in its Answer. In the fourteen months between the filing of its Answer and the

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

commencement of trial, Jaguar never moved to amend its Answer to include the administrative exemption. Jaguar also did not raise the issue of the administrative exemption during discovery. The only time Jaguar raised the issue prior to trial was by inserting it in one line of the Joint Pretrial Stipulation and in the proposed Joint Jury Instructions, to which Diaz objected. Jaguar did not raise the issue during the pretrial conference and the district court did not include the issue in its Omnibus Order Following Pretrial Conference. If ever there were a classic case of waiver, this is it! *See Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that defense."). Jaguar repeatedly waived the administrative exemption defense by failing to plead the defense in its Answer and by failing to move to amend its Answer before trial.

Ideally, cases should be tried on their merits. Accordingly, even if Jaguar failed to plead the administrative exemption defense, the district court could allow Jaguar to amend its Answer during trial if the issue was tried by the parties' express or implied consent, or included in a pretrial order. *See* Fed. R. Civ. P. 15(b); *see Steger v. Gen. Elec. Co.,* 318 F.3d 1066, 1077 (11th Cir. 2003) ("[I]ssues not raised in the pleadings may be treated as if they were properly raised when they are 'tried by express or implied consent of the parties,' Federal Rule of

6

Civil Procedure 15(b), or are included in a pretrial order."). In this case, the issue was not included in the district court's Omnibus Order Following Pretrial Conference. Further, it is clear that the administrative exemption issue was not tried by the parties' express consent as Diaz opposed the insertion of the issue in the Joint Pretrial Stipulation, proposed Joint Jury Instructions, and at trial. *See* R. Vol. 5: 160–65. The district court, however, found that the issue was tried by implied consent as it believed Diaz introduced the issue of the administrative exemption through her testimony at trial. Thus, the district court allowed the amendment.

The district court erred in finding that the administrative exemption issue was tried by implied consent and in thereby allowing Jaguar to amend its Answer. That issue was not tried by implied consent as Diaz's testimony was relevant to another defense in this case: Jaguar's independent contractor defense. "The introduction of evidence arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entering the case." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.,* 833 F.2d 1484, 1487 (11th Cir. 1987); *see Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 421 (5th Cir. 1981) (stating that implied consent cannot be found when "evidence is introduced that is relevant to an issue already in the case and there is no indication that the party who

introduced the evidence was seeking to raise a new issue"). Diaz's testimony was relevant to counter Jaguar's independent contractor defense, and she clearly was not seeking to raise the administrative exemption as a new issue. Further, we cannot conclude that her testimony was "much more strongly relevant" to the administrative exemption than to the independent contractor defense, which could be construed as notice of a new issue. *See United States f/u/b/o Seminole Sheet Metal Co. v. SCI, Inc.*, 828 F.2d 671, 677 (11th Cir. 1987). Thus, her testimony cannot be considered implied consent to try the administrative exemption.

## IV. CONCLUSION

For the foregoing reasons, we reverse the district court's decision to allow Jaguar to amend its Answer during trial and remand for the district court to conduct a trial on damages.

REVERSED and REMANDED.