[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16138
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20004-MGC

WILLIAM RAKIP,

> Plaintiff - Counter
> Defendant - Appellant
> Cross Appellee,

CESAR JERONIMO,

> Plaintiff
> Cross Appellee,

versus

PARADISE AWNINGS CORPORATION,
a Florida Corporation,
MANUEL ALCIBAR,
JUAN CHAVIANO,
individually,

> Defendants - Counter
> Claimants - Appellees
> Cross Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 27, 2013)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

This case involves a dispute between William Rakip and his former

employer, Paradise Awnings Corporation.  Rakip asserts claims under the Fair

Labor Standards Act and his former employer has counterclaimed for civil theft.

I.

In 2009 Rakip worked as an installation manager of a crew of awning

installers for Paradise Awnings Corporation.  In August or September of that year,

Paradise agreed to loan Rakip $3,500, which he promised to repay.  In November

of that same year, Rakip quit his job.  He never repaid the $3,500 loan.

Several weeks later, Rakip filed a workers' compensation claim against

Paradise.  Then on January 4, 2010, he filed the complaint in this action, alleging

that Paradise and two of his supervisors violated the Fair Labor Standards Act by:

(1) paying him less than the minimum wage; and (2) not paying him overtime.[1]

---

[1] Rakip later amended his complaint to add a co-plaintiff, who did not appeal the
judgment against him.  Rakip then amended his complaint a second time (after he and Paradise

2

Paradise denied those allegations and brought a counterclaim alleging that Rakip's failure to pay back the $3,500 loan amounted to civil theft under Florida law.

In February 2010, Rakip and Paradise entered into settlement discussions concerning Rakip's outstanding claims. The result of those discussions was a "Severance Agreement and Release" which stated that Rakip "releases and discharges [Paradise] . . . from all legal, equitable, or administrative claims that he may have against [it] . . . specifically includ[ing] any and all discrimination claims arising under the . . . Fair Labor Standards Act. . . ." Rakip signed that agreement on February 10 and Paradise signed it on February 22. Although the settlement agreement states that Rakip would receive $100 as consideration, he actually received $10,000: $5,200 for his FLSA claim, $1,800 for his workers' compensation claim and the balance for costs and attorney's fees.

The district court conducted an evidentiary hearing and concluded that the agreement between Rakip and Paradise was a fair and reasonable settlement of Rakip's FLSA claims. It then dismissed those claims and conducted a trial on Rakip's co-plaintiff's FLSA claims and Paradise's civil theft counterclaim against Rakip. After the presentation of evidence and before sending the claims to the jury, Paradise moved to conform the pleadings to the evidence by converting its

---

had executed a settlement agreement) to allege that Paradise did not pay him for his last two weeks of work, in violation of the FLSA.

civil theft counterclaim to state a cause of action for breach of contract. The district court granted the motion, and the jury returned a verdict for Paradise on the breach of contract claim in the amount of $1,320. Rakip then moved to "correct" the final judgment, arguing that he was entitled to judgment as a matter of law on the civil theft counterclaim. The district court agreed and entered an amended judgment for Paradise in the amount of $1,320 on the breach of contract claim and for Rakip on the civil theft claim. Rakip again moved to amend the judgment, arguing that the district court erred when it conformed the pleadings to state a claim for breach of contract instead of civil theft. The district court agreed, and entered a second amended judgment for Rakip on the civil theft claim. That judgment did not mention the breach of contract claim, because the district court concluded that it was error to send that claim to the jury. The second amended judgment was the final judgment in this case, and both parties appeal that judgment.

## II.

Rakip raises two issues on appeal. He argues that: (1) the settlement agreement that he entered into is not a fair and reasonable settlement of his FLSA claims; and (2) that settlement agreement bars Paradise's civil theft counterclaim against him.

## A.

4

Rakip first contends that the settlement agreement is not a valid settlement of his FLSA claims because it is not a stipulated judgment as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).  In Lynn's Food, we held that:  "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed:  a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions."  Id. at 1355.

Although it is true that the settlement agreement at issue in this case is not titled "stipulated judgment," Lynn's Food does not stand for the proposition that any valid settlement of a FLSA claim must take a particular form.  It only means that the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee.  See id. at 1354 ("[W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are

5

actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.")

Here, that is exactly what the district court did—it conducted an evidentiary hearing, took testimony from three witnesses, and concluded that the settlement agreement was a "fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." Id. at 1355. Rakip argues that that conclusion was incorrect because the district court did not explain how it decided that the amount he would receive under the settlement agreement was fair. But the testimony at the hearing explained that Rakip received $10,000 to cover his workers' compensation and FLSA claims and to pay his attorney's fees. The district court did not err by crediting this testimony and concluding that the settlement was fair and reasonable.[2]

### B.

Rakip also contends that the settlement agreement released him from liability for the civil theft claim that Paradise asserted against him. That issue is not properly before us. Release is an affirmative defense, and a party must plead it or it is waived. Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that

---

[2] Because we have concluded that there was a valid settlement of Rakip's FLSA claims, we do not address Paradise's arguments that: (1) Rakip was an exempt manager for FLSA purposes and therefore he was not entitled to overtime pay; and (2) Paradise was entitled to summary judgment on the issue of whether Paradise is an "enterprise" for FLSA purposes.

defense.")  Rakip's answer to Paradise's counterclaim pleaded seven affirmative defenses.  Release was not one of them.  It is too late to assert that defense now on appeal.

### III.

Paradise contends that the district court erred when it reversed its ruling granting Paradise's motion to conform the pleadings to state a claim for breach of contract and granted Rakip judgment as a matter of law on the civil theft claim. We review a district court's decision about whether to conform the pleadings to the evidence for abuse of discretion.  Diaz, 627 F.3d at 1214.  We also review a district court's reconsideration of its earlier orders for abuse of discretion.  Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1231–32 (11th Cir. 2010).

The district court initially granted Paradise's motion to conform the pleadings to state a breach of contract claim because it concluded that Rakip impliedly consented to trial of that issue by presenting evidence that his failure to repay the loan was a breach of contract.  After the jury had returned a verdict for Rakip on that claim, and after the district court had entered a judgment on the verdict, the district court reversed its earlier decision to conform the pleadings because it found that under our precedent in Diaz v. Jaguar Restaurant Group, LLC, 627 F.3d 1212 (11th Cir. 2010), Rakip had not impliedly consented to trial of the breach of contract claim.  In Diaz, we held that a party does not impliedly

consent to trial of an issue for Rule 15(b) purposes when the evidence it presents is relevant to another defense in the case.  Diaz v. Jaguar Restaurant Group, LLC, 627 F.3d 1212, 1215 (11th Cir. 2010).

In this case, the district court concluded that the evidence of breach of contract was relevant to Rakip's defense that the economic loss rule barred Paradise's civil theft counterclaim.[3]  The district court would have been correct if the economic loss rule had applied to Paradise's civil theft claim.  But under Florida law, it does not.  See Curd v. Mosaic Fertilizer, Inc., 39 So. 3d 1216, 1223 n.4 (Fla. 2010) ("[T]he economic loss rule[] [does] not prevent the bringing of an action and recovery for intentional torts, such as . . . civil theft. . . ."); Pershing Indus., Inc. v. Estate of Sanz, 740 So. 2d 1246, 1247 (Fla. 3d DCA 1999) (holding that a civil theft tort is independent of the breach of a contract and therefore the economic loss rule does not bar a civil theft claim); Escudero v. Hasbun, 689 So. 2d 1144, 1147 (Fla. 3d DCA 1997) ("Florida law . . . does not bar civil theft simply because a contractual relationship is involved."); Nerbonne, N.V. v. Lake Bryan Int'l Properties, 689 So. 2d 322, 327 (Fla. 5th DCA 1997) ("[T]he mere existence of a contractual relationship between the parties does not preclude actions for civil theft and conversion.").  Because the district court reversed its earlier order

---

[3] Under the economic loss rule, "parties in privity of contract are generally prohibited from recovering in tort for economic damages [except] in certain limited circumstances." Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 537 (Fla. 2004).

conforming the pleadings to the evidence solely because it erroneously concluded that the economic loss rule would bar Paradise's civil theft claim as a matter of law, the court abused its discretion. See Koon v. United States, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996) ("A district court by definition abuses its discretion when it makes an error of law."); Gray v. Bostic, 625 F.3d 692, 693 (11th Cir. 2010) (en banc) ("[W]hen a district court commits an error of law in deciding how to exercise its discretion, that court has, by definition, abused its discretion.").

As a general rule, "if a district court has abused its discretion, the court of appeals should not decide how to exercise [that] discretion; instead, it should remand the matter so that the district court can exercise its discretion free from the error of law." Gray, 625 F.3d at 693. This case, however, presents unique procedural circumstances. When the district court initially granted Paradise's motion to conform the pleadings to state a claim for breach of contract, it had the discretion either to grant or deny that motion. It exercised that discretion free from the error of law that it later made, and it did not abuse its discretion in doing so. Accordingly, we need not remand. We vacate the first amended judgment and second amended judgment, which were both based on the district court's erroneous conclusion that it could not have granted the defendant's motion to conform the pleadings. We reinstate the original final judgment in favor of Paradise in the

9

amount of $1,320 for breach of contract, which is free from any error of law and which reflects the jury's verdict.[4]

**AFFIRMED IN PART AND VACATED IN PART.**

---

[4] Because we conclude that the district court properly conformed the pleadings to state a claim for breach of contract and not civil theft, we need not address whether Rakip was entitled to judgment as a matter of law on the civil theft claim.