# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2013

No. 12-30705

Lyle W. Cayce
Clerk

INSURANCE COMPANY OF NORTH AMERICA,

Plaintiff-Appellee,

v.

BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS,

Defendant-Third Party Plaintiff-
Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. No. 2:07-cv-03053

Before STEWART, Chief Judge, and BENAVIDES and HIGGINSON, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-Appellee Insurance Company of North America ("INA"), and St.
Paul Fire and Marine Insurance Company ("St. Paul"), and American Home
Assurance Company ("AHAC"),[1] (collectively "the underwriters"), each

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] St. Paul and AHAC were named Plaintiffs-Appellees in the litigation previous to the
current proceedings but are not parties to the instant appeal.

No. 12-30705

subscribed as co-insurers to an excess coverage marine insurance policy insuring Defendant-Appellant Board of Commissioners of the Port of New Orleans ("the Port"). In previously litigated proceedings, the underwriters moved for summary judgment on the grounds that they did not have a duty of coverage under the policy. The district court granted summary judgment in favor of St. Paul only and that judgment was affirmed by this court on interlocutory appeal. After this court affirmed the district court's summary judgment in favor of St. Paul, INA and AHAC again moved for summary judgment citing this court's opinion on interlocutory appeal in support of their argument that the Port's claims against INA and AHAC should also be dismissed. The district court agreed and granted summary judgment in favor of INA and AHAC. Since its claims against AHAC have now been settled, the Port appeals herein the district court's grant of summary judgment in favor of INA only. We REVERSE and REMAND for further proceedings.

## I.

In 2001, the underwriters issued an excess coverage marine insurance policy to the Port which provided coverage above the $1 million limits of the Port's underlying policies. Each of the underwriters subscribed to the policy by a percentage: INA - 40%, St. Paul - 40%, and AHAC - 20%. The policy contains the following language with respect to coverage:

> Now know ye that we the Assurers do hereby bind ourselves, each Company for itself only and not one for another and in respect only of the due proportion of each Company, to pay to the Assured or the Assured's Executors or Administrators, all such loss, damage or liability as herein provided that the Assured may sustain during the stated period, not exceeding in all the sum insured, as properly apportioned to the sums, or to the percentages or proportions of the sum insured, subscribed against our names respectively.

No. 12-30705

The policy also contains the following notice provision:

> Whenever any Assured has information from which the Assured may reasonably conclude that an occurrence covered hereunder involves an event likely to involve this Policy, notice shall be sent to Underwriters as soon as practicable, provided, however, that the failure to notify Underwriters of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later time, would appear to give rise to claims hereunder, shall not prejudice such claims.

This dispute arose in connection with a $2.6 million judgment against the Port for injuries sustained by John Morella in July 2001 resulting from an accident on the Port's property. The Port did not notify the underwriters of Morella's claim until late March 2007, approximately a month after the state court judgment was rendered. In May 2007, the underwriters filed this suit seeking declaratory judgment that they were not required to pay under the policy because the Port did not provide timely notice of Morella's claim. In May 2009, the underwriters filed for summary judgment. Applying New York law, the district judge found that the notice was untimely and that the Port should have notified the underwriters of the claim when its defense counsel indicated that Morella's economic loss exceeded $1.8 million. The district judge also found, however, that "loss summaries" provided to INA and AHAC could have constituted timely "notice" under the policies. Accordingly, the district court rendered summary judgment in favor of St. Paul because it did not receive loss summaries detailing the incident as its co-underwriters had and notice to its co-underwriters did not constitute notice to St. Paul.

The Port filed an interlocutory appeal of that summary judgment with this court arguing that the duty of coverage was triggered for all underwriters if any of the underwriters received notice; therefore, summary judgment was improperly rendered in favor of St. Paul. This court rejected that argument and

No. 12-30705

affirmed the district court's grant of summary judgment in favor of St. Paul. In an analysis of the notice issue, this court stated the following:

> Finally, the Port argues that the district court misapplied the notice provision in the policy. It contends that at least two of the three insurers received notice of the underlying claim and that the district court improperly required proof that such notice was insufficient because the policy does not require notice to "all" of the insurers. This argument is unavailing.
>
> . . .
>
> The policy specifically defines "Underwriters" as "the insurer(s) subscribing to this Policy." Under New York law, which governs the contract here, the plain meaning of the policy language requires that all of the subscribing insurers must receive notice. The record showed that not all of the insurers here received timely notice. The district court did not err.

*St. Paul Fire & Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 418 F. App'x 305, 309-10 (5th Cir. 2011) (internal citation omitted).

On remand, INA and AHAC again moved for summary judgment arguing that this court's judgment on the interlocutory appeal required notice to *all* underwriters before *any* were required to provide coverage. That is to say, because St. Paul did not receive notice, INA and AHAC argued, they too were relieved of the duty to provide coverage under the policy. The district court agreed with this argument and subsequently rendered summary judgment in favor of INA and AHAC, dismissing the Port's claims. The district court stated in its analysis:

> Defendants propose that the proper interpretation of the policy is that any insurer that receives notice is liable irrespective of whether another insurer does or does not. However, such interpretation is inconsistent with the Fifth Circuit's interpretation [on interlocutory appeal] that, "the policy language requires that *all* of the subscribing insurers must receive notice." Notably,

4

No. 12-30705

> the Fifth Circuit did not affirm the dismissal of St. Paul purely on the ground that it had not received notice. Rather, the Court emphasized that the Board had failed to comply with the notice provision itself, and it was that failure that resulted in the preclusion of coverage from St. Paul.

The Port now appeals, arguing herein that the district court erred when it interpreted this court's holding on interlocutory appeal to mean that all underwriters must receive notice before any is required to provide coverage. The Port concedes that an underwriter must individually receive notice in order for that underwriter to be liable for providing coverage under the policy, *i.e.*, notice to one underwriter does not equate to notice to all. However, the Port further argues that, in accordance with this court's judgment on interlocutory appeal, any underwriter who receives notice is liable for providing coverage, regardless of whether its co-underwriters received notice. We agree.[2]

## II.

This court reviews a district court's grant of summary judgment de novo. *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 612 (5th Cir. 2012).

At issue in the previous interlocutory appeal proceedings before this court was the question of whether St. Paul had received any kind of purported notice, similar to that received by INA and AHAC, such as loss summaries. With regard to that issue, this court held that St. Paul did not receive purported notice because it never received loss summaries similar to those sent to INA and AHAC.[3] In so holding, we rejected the Port's argument that notice to one or

---

[2] Alternatively, the Port argues that the policy's notice clause is ambiguous and should be resolved in favor of the Port. Because we agree with the Port's argument that the district court misinterpreted this court's judgment on interlocutory appeal, we pretermit discussion of the Port's alternative argument that the notice clause is ambiguous.

[3] For the purposes of this appeal, we do not decide herein whether notice, if received, was sufficient under the policy.

more co-underwriters triggered a duty of coverage by all underwriters, regardless of whether some underwriters did not receive notice like the others. In conclusion of our analysis of this issue, we stated that "the policy language requires that *all* of the subscribing insurers must receive notice." Subsequently, we affirmed the district court's summary judgment in favor of St. Paul because it did not receive notice under the policy as its co-underwriters may have received.

In interpreting our holding on interlocutory appeal, the district court subsequently rendered judgment in favor of INA and AHAC, agreeing with their argument that our holding mandated that all insurers receive notice before the duty of coverage is triggered for any individual underwriter under the policy. That summary judgment was a misapplication of our holding. However, given the somewhat broad nature of the language in that holding, we note that the district court could reasonably have interpreted the mandate as such. In light of these circumstances, we clarify our mandate[4] on interlocutory appeal herein. *See Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 592-94 (5th Cir. 2006) (holding that clarification of the court's previous mandate on appeal was necessary due to lack of specificity as to how the lower court was to award interest on remand, because although the mandate was "plainly worded," clarification was required due to the magistrate judge's reasonable difficulties in applying the mandate as written); *see also Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948) (holding that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court[ ]").

---

[4] Although neither party has filed a motion to recall or clarify the mandate on interlocutory appeal, this court may *sua sponte* clarify its own mandate when it deems that doing so is necessary "to prevent injustice." U.S. Ct. of App. 5th Cir. R. 41.2; *see also Leroy v. City of Houston*, 906 F.2d 1068, 1075 (5th Cir. 1990); *Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111, 1112-13 (5th Cir. 1985).

No. 12-30705

The clarified mandate is as follows:  All of the subscribing insurers (INA, AHAC, and St. Paul) must receive notice for the duty of coverage to be triggered for all three underwriters.  More specifically, the duty of coverage is triggered for each underwriter who receives notice under the policy.  Because St. Paul did not receive notice similar to INA and AHAC, St. Paul's duty of coverage under the policy was not triggered as INA's and AHAC's duties of coverage were triggered.  We do not, however, hold the converse of this conclusion.  In other words, we do not hold that all underwriters under the policy must receive notice as a condition precedent to a duty of coverage being triggered for any individual underwriter under the policy.

### III.

For the foregoing reasons, we REVERSE the district court's summary judgment in favor of INA.  We REMAND for a determination of whether INA received notice under the excess coverage marine insurance policy at issue and for further proceedings consistent with this opinion.